### LEVY v. INMAN et al.

No. 13448—Opinion Filed Sept. 30, 1924.

**1. Taxation—Void Resale Deed—Lien of Purchaser for Amount Paid on Taxes.**

The lands in controversy had been bid off by the county treasurer for delinquent taxes. After two years, under chapter 130, Session Laws 1919, being the so-called resale act, the county treasurer sold such real estate to defendant for an amount in excess of the taxes, penalties, interest, and costs due thereon. The resale tax deed to defendant was void on its face. Held, under elementary principles of equity the purchaser at resale should be subrogated to the rights of the county or certificate holder as to the valid delinquent taxes paid.

**2. Same—Amount of Recovery.**

In such case, the taxes, penalties, interest,

and costs justly chargeable on the land and paid by defendant at such resale, or afterwards upon the faith of it, with legal interest from the time of such payments, is the rule for determining the amount of such lien.

### 3. Same—Protection of Purchaser by Judgment.

In such case, reimbursement of defendant on cancellation of his deed, may be secured by requiring the payment to be made or deposited before judgment, or by inserting in the judgment a clause that it shall not take effect until such repayment.

### 4. Same—Disposition of Case.

Record examined, and held, since said resale act of 1919 requires such excess to be held by the county treasurer for the prior owner, to be withdrawn within two years, the right, if any, of defendant to recover such excess is not involved in this case; that the trial court should ascertain the amount of taxes, etc., and require reimbursement thereof, according to syllabus 3 above.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County; George S. March, Assigned Judge.

Action by R. A. Inman, administrator, et al. against Leon Levy to cancel esale tax deed. Western National Bank of Ft. Worth, Texas, intervened. Judgment for plaintiffs and intervener. Leon Levy brings error. Remanded, with directions.

Rainey & Flynn and Calvin Jones, for plaintiff in error.

C. L. McArthur and Bowling & Farmer, for defendants in error.

Opinion by ESTES, C. R. A. Inman, administrator, et al., sued Leon Levy to cancel resale tax deed to certain real estate. The Western National Bank of Ft. Worth, Tex., by C. E. Costello, receiver, intervened, asserting a judgment lien on the real estate and joining plaintiffs to cancel deed. The demurrer of defendant to the evidence being overruled defendant elected to stand thereon. Judgment was for plaintiffs and intervener for cancellation of the resale tax deed. Defendant Levy appeals. Parties will be referred to as they thus appeared in the trial court. Said resale tax deed was void on its face for that same recited legal conclusions instead of the acts and proceedings in connection with the tax sale and resale, under Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, and other recent decisions of this court. Defendant Levy now concedes in this court that same was void. At the resale he paid an amount in excess of the taxes,

penalty, interest and costs due on the property. Defendant prays the judgment be reversed and that plaintiffs be required to refund to him the total price he paid the county treasurer at the resale.

1. The pretended sale to defendant was under chapter 130, Session Laws 1919, relating to lands purchased by counties at tax sales. Therein it is provided (section 9743, Comp. Stats. 1921), that whenever the county treasurer shall bid off real estate in the name of the county and the same remains unredeemed for two years, and no person offers to purchase same for taxes, penalty and costs, the treasurer shall advertise and sell same at public auction. It was at such sale defendant purchased the lands in controversy. It is further provided by said act of 1919, section 9746, statutes, supra, that if on such sale the land sells for more than the taxes, etc., due thereon, the excess shall be turned in to the county treasurer and there be held for the prior owner to be withdrawn any time within two years. Defendant prays that plaintiffs refund not only the taxes, etc., due on the land, but such excess in the hands of the county treasurer. He contends that plaintiffs should be required to pay same as a condition precedent to the cancellation of such void resale tax deed. By section 9737, statutes, supra, in force prior to the act of 1919, the purchaser of a tract of land sold by the treasurer received a certificate of purchase and was given a lien on the land for the delinquent taxes and for subsequent taxes thereon paid by him. We hold that defendant retained a lien for the amount so paid by him on the real estate for the taxes, etc. There is nothing in the resale act of 1919 repealing said lien provision. Under elementary principles of equity the purchaser at resale should be subrogated to the rights of the county or certificate holder as to the valid delinquent taxes paid.

2. The taxes, penalties, interest and costs justly chargeable on the land and paid by the purchaser at the sale, or afterward upon the faith of it, with legal interest from the time of such payment, less any rents received by the purchaser in possession, is, we believe, the just rule. Holland v. Hotchkiss et al. (Cal.) 125 Pac. 258, 261. Defendant Levy at no time had possession of the real estate.

3, 4. Plaintiffs contend that defendant is not entitled to recover from them any amount because to do so would be to change their theory in this court for that such relief is not within the pleadings of defendant. This contention offends fundamental princi

ples of equity, in so far as the taxes, etc., are concerned. A part of the funds paid by the defendant to the county treasurer on this pretended resale liquidated valid delinquent taxes on the lands of plaintiffs. While the answer of defendant is defective, it contains a short cross-petition for quieting title and prays for general equitable relief. Properly, defendant should have set up the amount of taxes, penalty, interest and costs paid by him at the resale, and asked affirmatively to be recouped therefor, in event the deed was canceled, segregating such amounts from said excess paid. However, we deem such pleading sufficient, particularly since it was the duty of the trial court in the exercise of its equity jurisdiction, to compel plaintiffs to do equity by imposing the condition upon them to pay or tender such taxes, etc., before granting them the relief they sought Huff v. Linde-Bowman-Darby Co., 73 Okla. 178, 175 Pac. 250; 21 C. J. sec. 849 (2). In Holland v Hotchkiss, supra, quoting from 2 Pomeroy's Eq. Jur., 1459, it is said:

"As in removing cloud, he who seeks relief against a tax deed must pay or offer to pay whatever taxes, interest, costs, etc, are justly chargeable against the land, and payment will be required by the decree; otherwise, where the taxes were absolutely void."

In addition to the cases therein cited, many later decisions to the same effect from other jurisdictions are at hand. The right, if any, of defendant Levy to recover said excess is not involved in this case. He cannot recover such excess from plaintiffs. He is, however, entitled in equity to have the amount of the taxes, etc., secured to him in some manner. As stated in Holland v. Hotchkiss, supra, this may be done either by requiring such repayment to be made, or deposited in court before giving the judgment, or by inserting in the judgment a clause that it shall not take effect until such repayment be made. Where the judgment declares and adjudges the title outright, the more convenient and effective method is to require restitution to be made by the plaintiff before, or at the time of rendering the judgment. Such clause may be inserted in the judgment making defendant's claim for restitution effectual and the judgment conditional and dependent upon reimbursement to him. The amount of such taxes, etc., for which defendant should be reimbursed, is not clearly ascertainable from the data of this record. The cause should be remanded with directions to vacate the judgment canceling said deed and to proceed otherwise according to the views herein expressed.

By the Court: It is so ordered.