## HAWKINS v. STEWART.

No. 21682. March 27, 1934.

Watts & Broaddus, for plaintiff in error.

Malcolm E. Rosser, for defendant in error.

WELCH, J. Plaintiff in error was defendant in the trial court, and defendant in error was plaintiff below. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff brought this suit in the district court of Wagoner county, in ejectment, and bases his title to the 40 acres of land involved on a deed from the chairman of the board of county commissioners of Wagoner county, purporting to convey to plaintiff the title acquired by the county by tax sale and tax resale. The defendant, by his answer, defends upon the theory that the tax resale and plaintiff's deed were void for the reason that two noncontiguous tracts of land were sold together for a lump sum; that the notice of resale stated that a different person than the owner was the owner of the land; that the land was not taxable for some of the years for which it was sold; and that the treasurer failed to make any return of the resale proceedings. Although the defendant asked for affirmative relief in his original answer, he was permitted by the court to withdraw his request for affirmative relief and stand upon his request and prayer that plaintiff be denied any relief whatever. No complaint is here made of the court's action in this regard. The case was tried to the court and resulted in a judgment denying plaintiff's prayer for possession of the land, and declaring plaintiff's deed to be void. However, the trial court found that plaintiff

was entitled to a lien on the land for a named sum recited as being the taxes assessed against the land in question and the penalties thereon for certain named years. Further judgment was accordingly rendered decreeing plaintiff to have such a lien, and adjudging, and directing that, unless such sum with interest was paid to plaintiff in 60 days, the land involved should be sold by the sheriff of the county in the same manner as sales of real estate under execution to satisfy said lien.

Defendant has appealed to this court complaining of the order of the court wherein a lien was declared on the land in favor of the plaintiff and the land ordered sold at sheriff's sale in satisfaction of same.

No complaint is made of the judgment of the trial court holding plaintiff's resale tax deed void. The plaintiff did except to that portion of the court's judgment, and gave notice of appeal, but filed no motion for new trial and made no further effort to perfect his appeal, and filed no cross-petition in error. And, as we view it, the only question necessary for a determination of this controversy is whether or not the trial court erred in declaring a lien upon the real estate in favor of plaintiff and against the defendant for an amount which the court found to be equal to the taxes assessed against the land, with penalties, and ordering the land sold in satisfaction of said lien. The defendant contends that there is no provision in the law of this state which gives to a purchaser of county land which it bought at tax resale a lien for the purchase price he has paid to the county, or for the taxes assessed against the land, with a right to a sale of the land as under execution to satisfy his lien; and that without such statutory provision a court of equity is without authority to declare such lien and order sale as under execution to satisfy the lien, in cases where the party against whose interest the lien operates asked no affirmative relief of the court. We are inclined to agree with this contention. The exact question has not been determined by this court, but we observe persuasive authority of other states. In McCormick v. Edwards, 69 Tex. 106, 6 S. W. 32, the Supreme Court of Texas used the following language:

"* * * Here the purchaser is plaintiff, and the defendant asks no relief, but is content to repose upon his legal title. As a general rule, where property is sold for the purpose of satisfying a lien, and the sale is set aside, the purchaser becomes subrogated to the rights of the lienholder, and may enforce,

for his own benefit, the lien against the property. French v. Grenet, 57 Tex. 273; Howard v. North, 5 Tex. 290. This is called by an eminent text-writer an 'equitable assignment' (3 Pom. Eq. Jur. sec. 1211, and note 1); but it seems that our courts hold that a void tax deed carries with it no equities. Robson v. Osborne, 13 Tex. 298; Pitts v. Booth, 15 Tex. 453. After a careful research, we have found no case in which a purchaser at a void tax sale has, without the aid of a statute, been permitted to recover even the taxes lawfully assessed upon the land and paid by his purchase.

"It would seem equitable that he should at least recover the taxes which the landowner ought to have paid, and which he failed to pay. Many states have accordingly passed statutes regulating this subject, and giving the relief indicated; so far as we have been able to discover, whenever this relief has been given or sanctioned by a court of the last resort, it has been by virtue of statutory law. * * * We conclude, therefore, that appellant was not entitled to recover of appellee either the purchase money or the taxes upon the land. * * *"

And in Holland v. Hotchkiss, 162 Cal. 366, 123 P. 258, wherein the court discussed the distinction between cases wherein the purchaser brought suit to recover the land from cases wherein the owner or former owner brought suit to cancel the deed based upon tax sale, the court used the following language:

"The confusion thus apparent seems to have arisen from the failure to observe the difference between the cases where the tax purchaser is the actor and those in which relief in equity is sought against him. If the purchaser, claiming title under his tax deed, sues for possession of the land, or if, perceiving that the deed is invalid, he sues the owner to recover the tax paid, as money paid to his use, the general rule is that he cannot prevail, that the rule of caveat emptor will be strictly applied against him, that a proceeding to assess and collect taxes creates no contract by the owner to pay the tax assessed, and that the law will not imply a contract by the owner to refund such tax to one who has paid the same upon a tax sale which is void, and this is true in cases where the tax was legally assessed but the proceedings to sell defective, as well as where the assessment, itself, is unauthorized and void, or where the tax had been previously paid. Mr. Pomeroy says: 'In the first place, the rule only applies where a party is appealing as actor to a court of equity in order to obtain some equitable relief. * * * The rule may apply, and under its operation an equitable right may be secured or an equitable relief awarded to the defendant which could not be obtained by him in any other manner—that is, which a

court of equity, in conformity with its settled methods, either would not, or could not, have secured or conferred or awarded by its decree in a suit brought for that purpose by him as the plaintiff.' 1 Pom. Eq. Jur. sec. 386. The doctrine is thus stated in Cooley on Taxation: 'The rule of caveat emptor applies to tax purchasers. The purchaser at a tax sale will therefore lose what he had paid if his deed is subject to fatal infirmity. This is the rule unless the statute recognizes an equity in him and provides for it. * * * Unless the statute in terms gives it, the purchaser will have no lien on the land for the sum paid on the purchase.' Pom. Eq. Jur. p. 1017. The author here speaks concerning rights which the purchaser can enforce by action, not of limitations in equity upon the right of the owner to sue for a cancellation of the sale or deed. As to the latter, he says: 'In vacating a tax or a sale for taxes as a cloud upon title, it is proper to require the complainant to pay any sum that is either a legal or equitable charge against him, and which will be affected by the decree. And this will be required, although an action against him for such sum would be barred by the statute of limitations. If the tax were wholly legal in its essentials, of course, no such requirement could be made, for it would not be supported by any equity.' 2 Pom. Eq. Jur. p. 1455. And further.: 'As in removing cloud he who seeks relief against a tax deed must pay or offer to pay whatever taxes, interest, costs, etc., are justly chargeable against the land, and payment will be required by the decree; otherwise, where the taxes were absolutely void.' 2 Pom. Eq. Jur. 1458. These we consider accurate statements of the true rule. * * *"

There has never been a valid provision of law in Oklahoma for the foreclosure of any character of tax lien by sheriff's sale of the real estate taxed, as under execution. The Tenth Legislature, in 1925, adopted such an act as chapter 12, S. L. 1925, but that act was repealed by the Eleventh Legislature, chapter 37, S. L. 1927. However, that act of the Tenth Legislature was unconstitutional on account of certain provisions of the act, as this court held in Casner v. Meriwether, 152 Okla. 246, 4 P. (2d) 19. This action was commenced by the plaintiff, Stewart, in September, 1929, after the lien foreclosure act above mentioned had been repealed.

The plaintiff contends that the defendant in fact requested affirmative relief of the trial court, and continues to ask for same in this court, in that he obtained, or the court rendered, a judgment to the effect that plaintiff's deed was void, and in that defendant seeks an affirmative decree to the effect that the land was nontaxable. This does not constitute a request for affirmative relief in view of the pleadings of the parties, as heretofore referred to. Such allegations in the answer are purely defensive to plaintiff's action. The defendant asks nothing in the suit save that the plaintiff be not permitted to prevail.

Plaintiff has not called our attention to any statute authorizing a court to declare a lien in favor of a purchaser of land from a county which acquired same at tax resale, and we know of no such statutory authority. Nor has our attention been called to any authorities which hold contrary to the rules applied in McCormick v. Edwards and Holland v. Hotchkiss, supra.

Plaintiff calls our attention to Levy v. Inman, 103 Okla. 90, 229 P. 436, and Stewart v. Burrows, 80 Okla. 23, 193 P. 881. An examination of these cases discloses that the party against whose interest the lien operated sought affirmative relief of the court, and for that reason they are inapplicable here. We conclude that the trial court was in error in declaring a lien upon the real estate and ordering same sold by the sheriff in satisfaction thereof, and the judgment in that regard is reversed.

The cause is remanded, with instructions to vacate and set aside that portion of the judgment declaring a lien upon the ·real estate herein involved and ordering a sale thereof.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and BAYLESS, JJ., concur.