## BROWN v. CLARK et al.

No. 25675. Dec. 7, 1937.

Rehearing Denied Jan. 4, 1938.

G. H. Montgomery and Finney & Cook, for plaintiff in error.

Burke & Trice, for defendants in error.

GIBSON, J. Plaintiff's action in ejectment and to quiet title was based on two resale tax deeds, issued in name of C. W. Waters, who quitclaimed to plaintiff. The court entered judgment for defendants, holding that no valid sale had been had. Plaintiff on appeal here urges that the sale and deeds were valid, and that if the deeds are void, the court should have compelled the payment to plaintiff of the amount of money paid by plaintiff.

A resale of lands for prior taxes was held in McCurtain county in April, 1932, at the time provided by statute and after due publication. A return of sale was duly filed by the county treasurer, which on its face showed a sale of the lands here involved to C. W. Waters. Waters did not attend the sale, but one Randolph, a deputy county assessor, bid the property in for Waters. Neither Randolph nor Waters paid in the amount of the bid or any other amount, hence the sale was not in fact made for cash, as contemplated by section 12755, O. S. 1931, which is mandatory. The treasurer is without power to declare a sale has been had where none has in fact been held. Provisions of tax sale statutes are mandatory and must be complied with. Coleman-Nelson Gasoline Co. v. Montgomery, 151 Okla. 286, 3 P. (2d) 829.

The deputy assessor found a purchaser for the property, and obtained a quitclaim deed from Mr. Waters to the purchaser, the plaintiff here. This was in November following the purported sale. Brown paid $50 to Randolph and the amount of the bid to the county treasurer, who then delivered the deeds to Brown and brought this suit for Brown to quiet title. (It appears that the county treasurer was also a practicing attorney.)

Whatever may be the right of one who, without notice and relying on the recitals of the treasurer's return or deed, buys from a purchaser at resale, we do not need to decide. Here Brown had full notice of the irregularity in the sale and of the fact that no sale had in reality been consummated. He knew that the purchase price had not been paid and that the tax deeds had not been delivered. To permit such a transaction to stand would open the door to fraud and speculation at the expense of the county. It is not necessary to discuss in this case whether the evidence did or did not show a fraudulent scheme. Suffice it to say that under the facts in this case there was no legitimate sale of the lands, and the plaintiff had sufficient knowledge thereof to cause him to bear the consequences.

The court conditioned his decree on the defendant Clark's paying to the county treasurer of the amount of the taxes for

the years in controversy. These were paid. Plaintiff alleges that the court should have required payment to be made or deposited for the benefit of the plaintiff. Levy v. Inman, 103 Okla. 90, 229 P. 436. If the defendant had asked no affirmative relief and had contented himself with merely defending against the tax deeds and quitclaim, the case of Hawkins v. Stewart, 167 Okla. 566, 31 P. (2d) 126. would apply. In that case, however, it is pointed out that the rule in Levy v. Inman, supra, is applicable where the defendant does not merely defend, but asks affirmative relief. In the last paragraph of his answer defendant, by crosspetition, alleges that the deeds are void, constitute clouds upon his title, asks for cancellation thereof and that his title be quieted. The decree gave him the relief by canceling the deeds and quieting his title. The court, therefore, should have required the payment to the plaintiff, or to the court clerk for the plaintiff's benefit, the amount of the taxes, penalties, interest, and costs justly chargeable on the land and paid by plaintiff, with legal interest, under the rule stated in Levy v. Inman, supra.

The case accordingly will be remanded to the district court, with directions to determine the amount necessary to reimburse plaintiff for the taxes, penalties, and costs paid by him, with interest thereon, and will require the defendants to pay same before making effective the decree quieting defendants' title. The costs of this appeal should be divided.

The judgment of the trial court is therefore modified and the cause is remanded, with directions to proceed in accordance herewith.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and DAVISON, JJ., concur. OSBORN, C. J., and HURST, J., dissent.