## SCHULTE et al. v. HERNDON.

No. 26555.   Oct. 18, 1938.

Rehearing Denied Nov. 29, 1938.

W. F. Schulte, for plaintiffs in error.

C. F. Green, for defendant in error.

HURST, J. This is an action by the plaintiff, Herndon, to recover possession of two lots in the city of Ada. It was instituted by the grantee in two correctional certificate tax deeds issued in 1932. The deeds appear to be valid on their face. The defendants, after preliminary motions, filed an answer asking no affirmative relief but alleging that the deeds are void on their face and also void for several jurisdictional reasons. They did not allege or claim that the lots were exempt from

taxation or that the taxes had been paid. They made no tender of the amount due in their answer or in open court. The plaintiff filed a special demurrer to the answer, one of the grounds being failure to tender the taxes due as required by section 12761, O. S. 1931 (68 Okla. St. Ann. sec. 453). This demurrer was sustained and the defendants were given time to file an amended answer, but failed to do so. However, instead of entering judgment for the plaintiff pursuant to the ruling on the demurrer, the court permitted the defendants to appear at the trial and contest the action by objecting to the introduction of evidence, by objecting to certain evidence, by interposing a demurrer to plaintiff's evidence, by introducing evidence in their own behalf, and by moving for judgment at the close of the evidence. The plaintiff made no objection to defendants' participation in the trial. The court rendered judgment for plaintiff, and the defendants appeal.

Although the parties argued several propositions in their briefs, we think the decisive question in the case is: Was it necessary that the defendants tender the amount of taxes, interest, penalties, and costs assessed against the lots, as a prerequisite to making a defense to the plaintiff's action, where no affirmative relief was asked? We are not concerned here with the question of tender in cases where the former owner, or those claiming through him, are asking affirmative relief, and that question will not be discussed, nor will the decisions on that subject be referred to.

The question before us requires a consideration of the provisions of section 12761, O. S. 1931 (68 Okla. St. Ann. sec. 453), and the prior decisions on the question. The statute, in so far as it is applicable here, provides:

"* * * The person desiring * * * to resist the recovery of possession by the holder of the deed in addition to showing clearly the entire failure to do some one or all the things of which the tax deed is made presumptive evidence, must show that he or the person under whom he claims. had the right to redeem the land from tax sale at the time the deed was made, and must, when * * * a defense to a recovery of possession is plead, tender in open court for the use of the holder of the tax deed, all taxes, penalties, interests and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure so to do, his * * * defense, * * * shall be dismissed. * * * * * : . : ' '"

The statute being remedial, should be liberally construed so as to carry out the manifest intention of the Legislature, which is that the one whose duty it was to pay the taxes should not be permitted to litigate the validity of the tax sale until he has tendered the amount required by the statute. In fact, section 12761 specifically enjoins upon us a liberal construction.

We think the language of the statute is plain. Unfortunately, however, our decisions on this subject are in conflict. Thus, it has been held that the tender must be made by the owner, though he merely defends against the action by the tax deed purchaser and asks no affirmative relief (Wetzel v. Lessert [1934] 169 Okla. 294, 36 P.2d 750; Deneen v. Gillispie [1937] 180 Okla. 342. 70 P.2d 1078), while the contrary has also been held (Perry v. Snyder [1919] 75 Okla. 24, 181 P. 147; Callender v. Brickner [1924] 97 Okla. 37, 222 P. 531; Hawkins v. Stewart [1934] 167 Okla. 566, 31 P.2d 126). The cases of Perry v. Snyder and Hawkins v. Stewart do not refer to the statute, while the case of Callender v. Brickner quotes the statute, but does not discuss it or assign any reason why it does not apply to defenses.

The cases of Wetzel v. Lessert, supra, and Deneen v. Gillispie, supra, carry out the letter and spirit of the statute, while the cases of Perry v. Snyder, supra, Callender v. Brickner, supra, and Hawkins v. Stewart, supra, are in plain violation of the statute and should be, and they are hereby, overruled in so far as they are in conflict with this opinion.

The tender statute applies whether the tax deed is valid, voidable, or void where, as here, the land is liable for taxation, has been assessed and extended upon the tax rolls in substantial compliance with the statute, and the taxes have not been paid.

It follows that the court was correct in sustaining the demurrer to the answer, but because of the conflict in our decisions the defendants were justified in urging that a tender is not required. Under such circumstances, and in view of the fact that we are now overruling the cases on which they had a right to rely, it would be inequitable not to permit them to comply with the tender statutes and make their defense, since, if they are correct in the allegations of their answer, the tax deeds are invalid. Under the circumstances, we think it is our duty to remand the case to the trial court with directions to give the defendants an opportunity to comply with the tender stat-

ute and,' if they do so, to make up the issues and try the case on its merits, but if they fail to do so, judgment should be rendered for the plaintiff, since the petition states a good cause of action.

It appears that there is a minor involved, and it is the duty of the trial court to protect his interests. Section 12757, O. S. 1931 (68 Okla. St. Ann. sec. 393); Denney v. Akers (1925) 117 Okla. 274, 247 P. 34; Warrior v. Stith (1935) 174 Okla. 150, 50 P.2d 179.

The cause is accordingly remanded to the trial court, with directions to proceed not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and DAVISON, JJ., concur. RILEY and CORN, JJ., absent.