### SANFORD et al. v. PERKINS et al.

No. 28826. Oct. 3, 1939.

P. A. M. Hoodenpyl and E. J. Gilder, of Okmulgee, for plaintiffs in error.

Carland Smith, of Okmulgee, and Leo G. Mann and C. J. Brown, of Oklahoma City, for defendants in error.

CORN, J. The parties appear and will be referred to herein in the order of their appearance in the trial court.

This action was brought by the plaintiffs to quiet title to 40 acres of land, the purpose being to cancel two tax deeds, which were alleged to have been void by reason of fatal irregularities in the issuance thereof. Numerous and somewhat confusing pleadings were filed in the case, the details of which need not be discussed at length, as the deciding question relates only to the tender of the taxes, interest, penalty and costs as a prerequisite to an attack upon the tax deeds involved in the action.

The plaintiffs in their second amended petition tendered the tax money, but, when ordered by the court to deposit the money in the hands of the court clerk for the benefit of the respective holders of the tax deeds within 30 days, failed to make good the tender and asked for and were granted an extension of 60 days' time in which to comply with the order, but finally defaulted. On motion of the defendants to strike plaintiffs' defense and for judgment for defendants, judgment was rendered barring further defense to the tax deeds and quieting title to the land in the defendants. The plaintiffs gave notice of appeal, but failed to perfect the appeal. Thereafter the plaintiffs filed a motion to set aside said judgment on the ground of irregularities in obtaining same, the purpose of which motion was to reopen the case for further attack upon the tax deeds. The motion was overruled and the plaintiffs brought this appeal.

In the case of Schulte v. Herndon, 184 Okla. 77, 84 P.2d 607, this court held that the tender statute applies whether the tax deed is valid, voidable, or void, where the land is liable for taxation, has been assessed and extended upon the tax rolls in substantial compliance with the statute, and the taxes have not been paid. In paragraph 1 of the syllabus it was held:

"Under section 12761, O. S. 1931 (68 Okla. St. Ann. § 453), a tender in open court of all taxes, penalties, interest and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, is made a condition precedent to the presentation of a defense to an action by the tax deed holder for the recovery of possession, though no affirmative relief is sought, where the land is liable for taxation, has been assessed and extended upon the tax rolls in substantial compliance with the statutes, and the taxes have not been paid; and, under such circumstances, the tender is required whether the tax deed be valid, voidable, or void."

But the plaintiffs point out in their brief that they relied on certain decisions of this court for their failure and refusal to make tender of the tax money into court, which decisions were expressly overruled by Schulte v. Herndon, supra, after this appeal was taken, and ask that the cause be remanded to the trial court in order that they may pay the money into court and proceed further with the action to quiet title to the land.

Where the plaintiffs have alleged in their petition and offer to prove that the tax deeds are void by reason of fatal irregularities in the issuance thereof, and where they were relying upon the overruled opin-

ions as authority that no tender was necessary or required under the circumstances, and that this procedure transpired before the overruling of said decisions, we think that the judgment should be remanded to the trial court and that the plaintiffs be given the opportunity of paying the tax money into court and of proceeding with their action. But if plaintiffs fail to comply with the tender statute within 30 days after the spreading of the mandate upon the record in this case, the trial court is directed to proceed in accordance with the views herein expressed. The cost of this appeal is taxed against the plaintiffs in error.

BAYLESS, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.