EVANS INVESTMENT CO. v. DURAN.

No. 30758. July 7, 1942.

Rehearing Denied Oct. 6, 1942.

*129 P. 2d 591.*

C. E. Nichelson and T. D. Evans, both of Tulsa, for plaintiff in error.

Settle, Monnet & Clammer, of Tulsa, for defendant in error.

BAYLESS, J. A. E. Duran filed an action in the district court of Tulsa county against Evans Investment Trust et al. to quiet title to real estate. He alleged he was the owner and in possesson, and that his title "was acquired . . . by county deed dated December 28, 1938, from . . . the board of county commissioners . . . ," and that "he has ever since that date been in continuous, open, actual possession of said premises."

The principal defendants set out in their answer (1) a general denial, and (2) an admission they claimed some interest in the property, and concluded with a prayer that plaintiff take nothing.

The record of the proceedings at the trial, the court sitting without a jury, shows a rather informal routine. When the court had learned the nature of the deed whereunder plaintiff claimed, he directed that it be admitted in evidence over defendants' objection. After further discussion the court advised counsel that it was the court's opinion defendants were not authorized to defend against the deed unless they pleaded a tender of the taxes due or made a tender at that time. There ensued a further discussion between the trial court and defendants' counsel respecting the decisions of this court on the issue of tender. Defendants did not tender the taxes, and the court then rendered judgment for the plaintiff.

On appeal defendants assert the trial court erred in his ruling on the necessity of a tender, and further erred in rendering judgment for the plaintiff on the evidence in the record.

We are of the opinion the trial court did not err in ruling as he did on the issue of tender. In Deneen v. Gillispie, 180 Okla. 342, 70 P. 2d 1078, we said that 68 O. S. 1941 § 453 "makes a tender into open court . . . a condition to the presentation of a defense to the tax deed," and that a defense should be dismissed unless there is a compliance with the statute. See Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607, and other decisions.

Defendants cite Hill v. Henry, 190 Okla. 413, 124 P. 2d 405, and other cases to the effect that the tender required by statute is for the benefit of the holder of the deed and may be waived by failure to object to the absence of a tender. They further point out that it was the trial court and not the plaintiff who brought up the subject of tender during the trial.

The opinions cited by defendants are not applicable. It cannot be said there was a waiver, for the trial court was aware of and observed the requirements of the statute, and the defendants did not show then or now any disposition to comply therewith. We are unwilling to hold that a trial judge may not, on his own motion, call attention to omissions to comply with statutory commands, and we will treat them as having full force and effect.

Defendants are not in a position to complain with respect to the state of the evidence in the record. When their defense was dismissed they passed out of the case for all purposes. Unless they make the required tender, it not being contended (1) no taxes were due or (2) that they had been paid, they are not entitled to defend or otherwise participate.

The judgment is affirmed.

WELCH, C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. CORN, V. C. J., and HURST and ARNOLD, JJ., absent.