HOGREFE v. BOARD OF COUNTY COM'RS OF PAYNE COUNTY et al.

No. 30654. Oct. 13, 1942.

Rehearing Denied March 9, 1943.

*134 P. 2d 556.*

Walter Mathews, of Cushing, for plaintiff in error.

J. M. Springer, Jr., County Atty., and Swank & Swank, all of Stillwater, for defendants in error.

BAYLESS, J. Anna Hogrefe filed an action in the district court of Payne county, naming board of county commissioners of Payne county and J. M. Trout defendants, wherein she sought certain relief with respect to real estate in the possession of Trout by virtue of a county commissioner's deed conveying property which the county claimed under a resale tax deed.

The issues before us are formed on the basis of her amended petition. The plaintiff alleges first that she is the owner in fee simple of the real estate described and in the actual possession thereof, and that she had paid the ad valorem taxes thereon for the first half of 1939 and previous years and tendered into court the ad valorem taxes for the last half of 1939 and all of 1940. She then alleges that the ad valorem taxes on this property for the year 1935 became delinquent and the land was sold for such delinquent taxes at the November, 1936, sale, but that within two years thereafter she redeemed the property from said sale. She then alleges that notwithstanding the redemption as aforesaid the county treasurer offered said premises for sale at resale in 1940 for alleged delinquent paving assessments; that the county purchased the property at said resale, and thereafter conveyed the same to J. M. Trout, and she then alleges that J. M. Trout went into possession thereof in 1940 and ever since has collected the rent therefrom. We observe that this last allegation conflicts with her first allegation respecting her own possession. Plaintiff further alleges that on April 21, 1939, an action was begun involving the owners of all of the paving bonds secured by the special assessments. We observe from her brief that the purpose of this allegation was

to establish an estoppel against the county attempting thereafter to sell at tax sale the property for the delinquent special assessments on the plea of election of remedies.

The county filed a motion to dismiss, "for the reason that the plaintiff has failed to tender into open court all paving taxes, tax penalties, interest and cost thereto which the party seeking to redeem would be bound to pay if he was then redeeming the land from the tax sale." Upon consideration of this motion plaintiff filed in the record "offer of proof and tender," in which she recited the history of the transaction which briefly may be stated thus: The advertisement of the tax sale in 1936 contained two items of delinquent taxes against her property, one the ad valorem taxes, and the other the delinquent special assessments for 1936. She noticed the advertisement of her property for the ad valorem taxes but not for the special assessment and when she redeemed she redeemed from the ad valorem tax only and the sale to the county for the delinquent special assessment remained. This sale and the subsequent delinquencies formed the basis for the 1940 resale. At the resale in 1940 this property sold to the county, and thereafter the county commissioners sold and conveyed the property to Trout. At that time the ad valorem taxes for the last half of 1939 and paving assessments aggregated $585.88, and the sale price to Trout was $100. She tendered the amount of the 1936 paving assessments with penalties and cost and alleged that she had tendered the last half of the 1939 and subsequent ad valorem taxes due on said property. Upon further consideration of the matter the trial court ruled, in effect, that the plaintiff was bound to tender all taxes, special assessments, penalties, interest, cost, etc., due to the time of the resale in 1940. Plaintiff presumably declined to do this on the theory that the ruling was erroneous and the trial court dismissed her cause of action.

The argument which the plaintiff makes with respect to the election of remedies based upon the filing of the action to foreclose the lien securing the special assessments has no bearing upon the issue here. The ruling of the trial court did not take that aspect of the case into consideration and a determination of that issue cannot have any bearing upon the correctness of the court's ruling in dismissing the plaintiff's action for her failure to make a sufficient tender.

This brings us to a consideration of the correctness of the court's ruling on the sufficiency of plaintiff's tender.

Plaintiff's pleading and argument on this issue is in the alternative. She takes the position that chapter 9, S. L. 1933, which amended chapter 173, S. L. 1923, permitted her to pay her delinquent ad valorem taxes and to disregard the delinquent special assessments, and from this she argues that she likewise had the right to redeem her property from the sale for the delinquent ad valorem taxes without at the same time paying what was sufficient to redeem from the sale for the delinquent special assessments, but nevertheless her redemption from the ad valorem taxes would invalidate the sale for the delinquent special assessments; and she also alleged and argues in her brief that the act of advertising the property for sale for the delinquent ad valorem taxes separately from the delinquent special assessments was illegal and had the effect of misleading her because she assumed that all of the delinquencies against her property were mentioned in one place in the advertisement, and further that when she went to the county treasurer and offered to redeem and did redeem from the sale for the delinquent ad valorem taxes she would have offered to redeem and would have redeemed from the sale for the delinquent special assessments had she known about them, and that when she offered to redeem from the sale for the delinquent ad valorem taxes it was the duty of the county treasurer to advise her of all tax sale certificates standing against her property in order that she might redeem from all of them.

202

We observe from the argument made that plaintiff does not contend that the delinquent special assessments are not valid charges against her property. Her argument is simply that the sale thereof in 1936 was illegal, and that the resale based thereon in 1940 was likewise illegal, and this forms the basis for the relief which she seeks.

We are of the opinion that the decisions of this court, based upon the statute and equitable principles, require plaintiff to make a tender of all of the delinquent taxes and special assessments as a condition precedent to attacking the resale tax deed upon which Trout's county commissioner's deed is based. 68 O. S. 1941 § 453; Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607; and other cases.

The judgment of the district court sustaining the motion to dismiss for the failure to make the tender is affirmed.

WELCH, C.J., CORN, V.C.J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. GIBSON, J., dissents. ARNOLD, J., absent.