GILLESPIE v. BOARD OF COM'RS OF PAYNE COUNTY et al.

No. 30863. Oct. 13, 1942.

Rehearing Denied March 9, 1943.

*134 P. 2d 558.*

Walter Mathews, of Cushing, for plaintiff in error.

James M. Springer, Jr., County Atty., and Swank & Swank, all of Stillwater, for defendants in error.

BAYLESS, J. George T. Gillespie filed an action in the district court of Payne county, naming board of county commissioners of Payne county and J. M. Trout defendants, wherein he sought certain relief with respect to real estate in the possession of Trout by virtue of a county commissioner's deed conveying property which the county claimed under a resale tax deed.

The plaintiff in error has filed an application wherein he states that the issues in this case are identical with the issues in case No. 30654, Anna Hogrefe v. Board of County Commissioners et al., this day decided, 192 Okla. 200, 134 P. 2d 556, but states that the facts are somewhat different, and asks that the brief in that case be considered his brief in this case.

Upon consideration of the record in the case, we observe that in this case the property was advertised for sale for the delinquent 1935 ad valorem taxes and the delinquent 1936 special assessments, and that the said Gillespie paid the delinquent ad valorem taxes before the sale, but did not pay the delinquent special assessments, and the sale proceeded in 1936 with respect thereto. The property was sold to the county, and at the resale was sold to the county and the county thereafter sold to Trout. Gillespie's contention is identical to that of Anna Hogrefe in that he contends that the permissive language of the 1933 statute, 11 O. S. 1941 § 106, which authorizes the payment of the delinquent ad valorem taxes regardless of the delinquency of the special assessments means that the payment of the ad valorem taxes deprives the county of au-

thority to proceed to sell for the delinquent special assessments, and the separate advertisement misled and prejudiced him.

What we have said in the Anna Hogrefe case, in refusing to consider these defenses until a tender is made, applies here.

The judgment of the trial court is affirmed.

WELCH, C.J., CORN, V.C.J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. GIBSON, J., dissents. ARNOLD, J., absent.