## TAYLOR et al. v. SOULE et al.

No. 31715. Feb. 19, 1946.

Rehearing Denied April 30, 1946.

*168 P. 2d 281.*

T. L. Blakemore, of Sapulpa, for plaintiffs in error.

W. C. Alley, of Okmulgee, for defendants in error.

ARNOLD, J. Soule, as plaintiff, sought recovery of the real estate upon claim of title based upon resale tax deed.

Defendants pleaded the statute of limitation and upon their failure to comply with the order of the court to tender the taxes, etc., as required by 68 O. S. 1941 § 453, the answer was stricken. Plaintiff introduced his evidence, after which judgment was rendered in his favor as prayed.

Defendant Taylor appears here saying:

"We desire to present only the ques-

tion of the statute of limitations, which may be stated as follows:

"The holder of a tax deed has but two years from the date of the recording of his tax deed within which to obtain possession of the lands covered by his tax deed."

This proposition is based upon the material provisions of 12 O. S. 1941 § 93, as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter: . . .

"3. An action for the recovery of real property sold for taxes within two years after the date of the recording of the tax deed."

In their original brief defendants directed their argument to an effort to obviate the effect on their defense of limitations of their refusal to comply with the tender statute on order of the court and the resulting order of the court striking their answer and defense from the files in the case.

The tender statute (68 O. S. 1941 § 453) embraces three distinct and separate situations in each of which a tender is mandatory:

(a)   An action by the former owner to set the deed aside and recover possession;

(b)   or to resist recovery of possession by the resale purchaser because of an entire failure to do some one or all of the things of which the deed is made presumptive evidence;

(c)   or when a defense to an action by the deed holder to recover possession is pleaded by the former owner.

The third situation must have been intended to cover any defense not included in the specific grounds named in the second situation, and would include the defense of limitation; that the deed was not executed by the county treasurer in his official capacity; that it was not acknowledged before one authorized to take acknowledgments, or to any other substantive defense not within the purview of the presumptive evidence statute. Only by interpreting the tender statute as including all defenses can the obligation of the former owner to pay his taxes be enforced because the resale canceled all delinquent ad valorem taxes and all outstanding tax sale certificates. The enforcement of this obligation was evidently the primary purpose of the Legislature in enacting the tender statute.

It is argued that the resale deed attached as an exhibit to plaintiff's petition, and which was introduced in evidence, is void on its face because of the record of its filing endorsed thereon, and in this connection the case of Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415, was cited. In that case, as in the instant case, the answer and defense was stricken on order of the court for refusal to comply with the tender statute. But in that case, unlike the instant case, there was an absence of essential recitals in the face of the deed which rendered the same void. In the second paragraph of the syllabus to that case this court said:

"Where the tax deed holder sued to quiet title, and a copy of the tax deed is attached to the petition, and is void upon its face, and where the former owner fails to make the required tender, it is proper to dismiss both the petition and the defense without prejudice, since neither party, under such circumstances, is entitled to any relief."

In the instant case the resale deed is in substantial conformity to the form prescribed by the statute existing at the date of the issuance of the deed, and its recitals are supported by the presumptive evidence statute (C. O. S. 1921 § 9750) in the absence of conflicting evidence. The record of a deed's recording endorsed thereon is not an element of its validity or invalidity under either the general recording statute or the tax resale law. Such recording may affect the remedy of the holder for the enforcement of his rights thereunder if

timely and properly raised, but it cannot impair the deed itself.

In their reply brief defendants renew their argument to excuse their refusal to comply with the tender statute upon the theory that they were not attacking the validity of the deed itself. In this connection they cite and rely on the case of Hearn v. Yoder, 193 Okla. 353, 143 P. 2d 1009, wherein this court said:

"It will thus be seen that the defendants, by their answer, did not seek to 'invalidate,' 'set aside', or 'void' the tax deed, as those terms are used in our tender statutes, above, but sought rather to impress a trust upon the title thus acquired by plaintiff, and to have it judicially declared that as to them the acquisition of the tax title amounted only to a payment of the taxes. We are of the opinion that under such circumstances the tender statutes do not apply."

In relying upon this holding of the court defendants overlooked the fact disclosed by the record that at the time plaintiff filed his motion to strike the answer and defense and at the time the trial court made its order requiring defendants to comply with the tender statute their answer, in addition to the defense of limitations, contained numerous allegations attacking the validity of the resale deed by reason of alleged irregularities in the assessment of the property in 1925, that the original sale for taxes was not advertised and held at the time and in the manner prescribed by law, and that the resale upon which the resale deed is based was not advertised and held at the time and in the manner required by law. These were clearly attacks upon the validity of the deed itself not shown upon its face, and could not excuse the defendants' refusal to comply with the tender statute under the above-quoted language of the Yoder Case.

Defendants further argue that under the decision of this court in Lane v. Bass, 193 Okla. 682, 146 P. 2d 563, plaintiff was precluded from recovering in this case by the two-year statute of limitation as contended by them. It must be noted, however, that in the Lane Case the question presented to this court for determination was whether subdivision 3 or subdivision 4 of 12 O. S. 1941 § 93 applied. This court held that subdivision 3 was the applicable provision, but in that case the tender of the taxes, penalties, interest and costs had been made, and in reversing the case this court, in effect, directed that the amount so tendered should be applied by the trial court in the manner authorized by the tender statute.

Under the interpretation and application by this court of the tender statute, as announced in the case of Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607, and followed in numerous decisions since, defendants must have known that in electing not to comply with the tender statute their entire defense to the action would be dismissed. This included their defense of limitations, which must be pleaded and relied on. In the case of Venmex Oil Co. v. Thomas, 189 Okla. 407, 117 P. 2d 540, this court used the following language and the following citation of authorities thereto:

"We are committed to the rule that the statute of limitations must be "pleaded by the party asserting it, and where not pleaded is waived.' Morrisey v. Shriver, 88 Okla. 269, 214 P. 702. See, also, Buckner v. Baker, 65 Okla. 130, 164 P. 659. This rule applies generally in the other Code states. See Bancroft, Code Pleading, § 239; Pomeroy's Code Remedies (4th Ed.) §§ 589, 590; Bliss on Code Pleadings (3rd Ed.) § 355; 37 C. J. 1213; 17 R. C. L. 881."

In 37 C. J., page 1229, sec. 741, it is said:

"The plea of limitations may be waived at the option of the party entitled to rely thereon, as by his interposing an inconsistent · defense, or by his withdrawal of the plea; . . ."

Substantially the same statement appears in 34 Am. Jur., page 343, sec. 436.

Having made their election in this case to permit the striking of their an-

swer and the dismissal of their defense rather than comply with the tender statute, we think the defendants are now precluded from asserting the same on appeal to this court. We are of the opinion that the defendants are in the same position here as were the defendants in the case of Evans Investment Co. v. Duran, 191 Okla. 286, 129 P. 2d 591, wherein this court said:

"Defendants are not in a position to complain with respect to the state of the evidence in the record. When their defense was dismissed they passed out of the case for all purposes. Unless they make the required tender, it not being contended (1) no taxes were due or (2) that they had been paid, they are not entitled to defend or otherwise participate."

Judgment affirmed.

HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur. GIBSON, C. J., and OSBORN, J., dissent.