ALLISON v. BARECO OIL CO. et al.

No. 34079.  July 5, 1950.

Rehearing Denied Dec. 12, 1950.

*225 P. 2d 167.*

Logan Stephenson, F. C. Swindell, O. C. Lassiter, Earl Truesdell, and A. D. Mason, all of Tulsa, for petitioner.

Conner, Winters, Lee & Randolph, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J.  This is a proceeding to review an order of the State Industrial Commission denying petitioner's claim under the Workmen's Compensation Law.

August 5, 1948, petitioner, James Clyde Allison, filed with the State Industrial Commission his first notice and claim for compensation, stating that on January 29, 1948, while employed by respondent Bareco Oil Company, as a boiler-repairman and water treater, he sustained an accidental injury aris-

ing out and in the course of his employment while turbining a boiler.

Respondent filed its answer consisting of a general denial and a plea of failure of claimant to give notice of the alleged injury, and that respondent's rights were prejudiced thereby.

Hearing was had before a trial commissioner, and on February 12, 1949, the trial commissioner entered an order denying an award. The finding of the commissioner is as follows:

"That under the evidence in this case, claimant did not sustain an accidental injury arising out of and in the course of his employment as defined by the Workmen's Compensation Law of the State of Oklahoma, and therefore his claim for compensation should be denied."

The order, as amended, in respect to a matter not here material, was affirmed by the commission en banc, and this proceeding is brought to review said order.

Claimant's disability was a result of a heart attack which he alleges occurred under such circumstances that it constituted an accidental personal injury under the provisions of the Workmen's Compensation Act. The factual situation herein is, in some respects, similar to that in the case of Gulf Oil Corporation v. Rouse et al., No. 33022. An opinion of this court in the Rouse case was adopted June 15, 1948, wherein it was held that such a disability occurring under the circumstances there did not constitute an accidental personal injury. This opinion, although it had not become final, had been adopted and was outstanding at the time of the order of the State Industrial Commission here under review. Subsequently, and on October 4, 1949, the above original opinion in the Rouse case was superseded by another opinion of this court which has now become final and constitutes established law in this jurisdiction. (Reported in 202 Okla. 395, 214 P. 2d 251). In this latter and final opinion, it was held that the injury sustained in that case was a compensable accidental personal injury within the purview of the Workmen's Compensation Act.

In the case at bar, it has been strenuously urged that the finding and order of the commission being attacked was the result of the application of the law as construed in the first and superseded opinion in the Rouse case to the facts here in issue. This court need not determine that fact and what is here said is not to be construed as the expression of any opinion upon the merits of this case but, in order that right and justice will be certain to prevail, it is only fair that the commission be reinvested with jurisdiction to determine the facts without possibility of error resulting from any change in the interpretation of the law by this court.

A similar situation was presented to the Supreme Court of the United States in the case of Patterson v. Alabama, 294 U. S. 600, 55 S. Ct. 575, 79 L. Ed. 1082. Therein it was said:

"We have frequently held that in the exercise of our appellate jurisdiction we have power not only to correct error in the judgment under review but to make such disposition of the case as justice requires. And in determining what justice does require, the Court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered. We may recognize such a change, which may affect the result, by setting aside the judgment and remanding the case so that the state court may be free to act. . ."

Following this line of reasoning, the Florida court, in the case of Yates v. St. Johns Beach Development Co., 122 Fla. 141, 165 So. 384, used the following language:

"The exercise of the appellate jurisdiction of the Supreme Court involves the power of this court, not only to correct errors in the judgment under review, but to make such disposition of the cases as justice may require in or-

der that a correct principle of decision arising since the judgment, and having a bearing upon the right disposition of the case, may be considered and passed upon by an inferior court whose judgment will be vacated and the cause remanded for further proceedings to that end, in proper cases."

The same general mode of procedure was approved by this court in the case of Sanford et al. v. Perkins et al., 185 Okla. 484, 94 P. 2d 533. There, the plaintiffs, in a suit to set aside a tax deed, made no tender of unpaid taxes, relying upon former opinions of this court which were overruled subsequent to the trial. The cause was remanded to allow plaintiffs an opportunity to comply with the latter opinion.

For these reasons the order of the State Industrial Commission is vacated without prejudice, that the commission may make such findings of fact and conclusions of law as are warranted by the evidence under the law.

Order vacated and cause remanded with instructions to proceed in accordance with the views herein expressed.

DAVISON, C.J., and LUTTRELL, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and WELCH, CORN, and GIBSON, JJ., dissent.

ARNOLD, V.C.J. (dissenting). Upon consideration of all the testimony introduced in this case, the Industrial Commission found: "that under the evidence in this case, claimant did not sustain an accidental injury arising out of and in the course of his employment as defined by the Workmen's Compensation Law of the State of Oklahoma, and therefore his claim for compensation should be denied." In accordance with that finding the claim was denied.

Claimant filed this original action and for reversal asserts:

"The State Industrial Commission erred in holding that claimant did not sustain an accidental injury arising out of and in the course of his employment as defined by the Workmen's Compensation Law of the State of Oklahoma in denying his claim for compensation when from the evidence it was clearly shown that the claimant's heart gave way or was injured while he was engaged in lifting the hose and the turbine while in the course of his employment, as defined by the Workmen's Compensation Law of the State of Oklahoma."

The ground of reversal of the judgment of the Industrial Commission stated by the majority is not argued or even mentioned by any of the parties in their briefs.

The original opinion in the Rouse case, 19 O. B. J. 887, and the dissenting opinion thereto, 19 O. B. J. 1596, were extant at the time the order in the case at bar was entered. Reference is made to them by the petitioner in its brief and the claimant refers to them in his reply brief. In the reply brief it is argued by claimant that the Rouse case factually is "substantially different from the case at bar." I think this is true. Whether it is or not this record does not disclose that these opinions, not final at the time of the entry of the order in this case, had any bearing on the determination of the fact question presented to the Industrial Commission in the instant case. Before those opinions were written the rule was that the cause of an injury is a question of fact to be determined by the Industrial Commission and its determination thereof will not be disturbed on appeal if reasonably supported by the evidence. That is still the rule. Shell Oil Co., Inc., v. Thomas et al., 202 Okla. 190, 211 P. 2d 263. In the original Rouse opinion we reviewed the evidence and said there was no evidence to support the finding that an accident had occurred. If we had at that time thought there was evidence reasonably supporting the finding of the commission that an accident had occurred, we would have said, as we later said in that case, that the commission's determination of the question is binding on this court. In the Rouse case we merely changed our mind as to the

618

probable effect of the testimony on the point. No principle of law or rule of evidence has been changed by the substitution of the present final opinion in the Rouse case. Certainly, without a showing that the substantial rights of the claimant were adversely affected by the opinions in the Rouse case, extant at and before the entry of the order herein, we should not hold this to be true. To so hold is to say that Judge Babcock, chairman of the commission and a venerable judge of the district court of Oklahoma, and M. M. Thomas, a well-known and thorough lawyer of high standing, were prejudiced by an opinion, not final, which is not even shown to have been called to their attention, much less shown that it had anything to do with their determination of the facts in the instant case. I must assume that they and the other two commissioners who participated in making the order determined on the facts alone in the case at bar that the heart condition of claimant was not the result of an accident.

I have been unable to find any case that holds that a judgment of an appellate court, not final but thereafter changed to a different conclusion on the facts, is grounds for reversal of a judgment entered before the change was made by the appellate court. Obviously none of the cases cited in the majority opinion are in point. No rule of law has been changed by this court by the substitution of another opinion in the Rouse case.

It is wholly unnecessary to vacate the order herein and grant a new trial for the reason stated in the majority opinion. The order could be vacated on the sole ground asserted by claimant. There may be other tenable grounds for accomplishing the same purpose. We should not vacate the order on the assumption that the substantial rights of claimant were adversely affected by something not shown of record or asserted by any party to the case.

The rule of this case will in my judgment work great injustice in the future to plaintiffs and defendants.