BARECO OIL CO. v. ALLISON et al.

No. 35153. Nov. 12, 1952.

Rehearing Denied Jan. 6, 1953.

*251 P. 2d 1040.*

Conner, Winters, Randolph & Ballaine and John E. Barry, Tulsa, for petitioner.

O. C. Lassiter, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. This is the second time the fact situation involved in this proceeding has been before this court. Claimant states that he was cleaning out a boiler with a turbine motor attached to a hose on January 29, 1948, when he suffered a heart attack; that he sat down and rested for 30 minutes and continued with his work; that he went in the evening of the same day to Dr. Alexander, his family physician, who gave him some medicine for a bad cold; that on March 12, 1948, while flushing out a boiler with a water hose, he sustained another and more severe attack; that soon thereafter he quit work.

Dr. Glass, testifying for the claimant, stated that in his opinion the heavy work in connection with claimant's labor caused the heart condition, and that claimant is totally and permanently disabled. Dr. Lowe also testified for claimant stating that in his opinion the work being performed by claimant caused the heart attack and as a result thereof claimant is totally and permanently disabled.

Dr. Pigford, testifying for respondent, stated that the nature of claimant's work would not cause and did not cause his heart condition.

The evidence further discloses that on February 10, 1948, claimant took his vacation and worked on his farm from February 10, to February 23, 1948; that he returned to work for respondent on February 24, 1948. The evidence further discloses that claimant had a heart condition prior to the date of the alleged accident.

The State Industrial Commission at the first hearing entered the following order:

"That under the evidence in this case, claimant did not sustain an accidental injury arising out of and in the course of his employment as defined by the Workmen's Compensation Law of the State of Oklahoma, and therefore his claim for compensation should be denied."

From this order claimant appealed to the Supreme Court, and in Allison v. Bareco Oil Co., 203 Okla. 615, 225 P. 2d 167, this court remanded the proceeding to the State Industrial Commission for the reason that at the time the order was entered, Gulf Oil Corp. v. Rouse, 202 Okla. 395, 214 P. 2d 251, was pending on petition for rehearing, and at the time of the decision in Allison v. Bareco Oil Co., supra, that case had been rewritten and had become final. Therein the court stated:

"Claimant's disability was a result of a heart attack which he alleges occurred under such circumstances that it constituted an accidental personal injury under the provisions of the Workmen's Compensation Law. The factual situation herein is, in some respects, similar to that in the case of Gulf Oil Corporation v. Rouse et al., No. 33,022. * * *"

At the trial conducted following this proceeding there was no further evidence introduced in the case and the cause was submitted upon the evidence adduced at the former trial. The State Industrial Commission entered an award for claimant.

The petitioner appeals and raises the single issue in three separate propositions that the State Industrial Commission erred as a matter of law in finding that the disability of claimant resulted from an accidental injury. It is therefore unnecessary to review the specific terms of the award.

We are of the opinion that in Allison v. Bareco Oil Co., supra, this court assumed that the evidence was sufficient to establish the accidental injury, and that the disability was occasioned by such injury. It is, therefore, left for us to make a definite determination on that issue. We have said that whether or not an accidental injury arises out of and in the course of the employment is a question of fact and if there is any competent evidence to establish the fact, this court will not review the evidence and vacate the award. Standish Pipe Line Co. v. Johnson, 197 Okla. 238, 169 P. 2d 1018. In this connection, the only new argument presented in this proceeding that was not presented in the former proceeding is that the testimony discloses without dispute that claimant was suffering from a coronary occlusion, and that at the most the evidence reveals that by reason of such diseased condition of his heart he was unable to do heavy labor and therefore the disability could not arise out of an accidental injury.

In City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094, we stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

As reviewed above, the evidence of the expert witnesses for the claimant is sufficient to establish that there was an accidental injury and that the disability resulted from such injury.

Award sustained.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.