**Lois NORMAN, Plaintiff in Error,**

**v.**

**Zachariah BROWN'S HEIRS, Executors, Administrators, Devisees, Trustees, and Assigns, Immediate and Remote, also his Unknown Heirs, Executors, Administrators, Devisees, Trustees, and Assigns, et al., Defendants in Error.**

No. 35079.

Supreme Court of Oklahoma.

July 7, 1954.

As Amended Sept. 23, 1954.

Rehearing Denied Sept. 28, 1954.

Arnold T. Fleig, Oklahoma City, and W. B. Garrett, Mangum, for plaintiff in error.

Yonne Pendleton McDaniel, Mangum, for defendants in error.

WILLIAMS, Justice.

This is a quiet title action brought by a plaintiff whose claim is based upon a 1941 resale tax deed.

The land involved was sold at the 1941 tax resale which was admittedly void for the reason that the last quarter of 1940 taxes was not delinquent at the time of first publication of notice of resale. Williamson v. Hart, 199 Okl. 328, 186 P.2d 71.

The land was a part of a paving district in Mangum, Oklahoma. Defendants, successors in interest of the former owner, filed their answer and cross-petition in which they attacked the tax deed and asked that title be quieted in them.

Immediately before trial, plaintiff asked that defendants be required to deposit with the court clerk the amount required by the tender statute, 68 O.S.1951 § 453, and specifically requested that the tender include paving taxes in the amount of $1,972.85, which plaintiff alleged to be a lien on the land. The trial court reserved his ruling with respect to the paving taxes, and at the end of the trial did not require the tender of the paving taxes, but rendered judgment for defendants on their cross-petition. Plaintiff has appealed.

It was shown that in 1938 an action had been filed in which the foreclosure of the lien of the paving bonds here concerned had been sought. Service was had by publication and all defendants (who are also defendants in the case at bar) defaulted. No further proceedings were had, however, and at the time of the filing of the instant action, the foreclosure action was still pending. After the filing of the case at hand, but before trial, a stipulation was entered into between plaintiffs and defendants in the foreclosure action which recited the 1941 resale; the election by plaintiffs in that case to accept their share of the proceeds of such sale in full settlement of their claims under the paving bonds; and an agreement that the foreclosure action might be dismissed *with prejudice to a future action*. Pursuant to such stipulation, the action was dismissed *with prejudice*.

It is apparent from the foregoing that in 1941, at the time of the sale, the lien of the paving assessments was valid and subsisting; but at the time of the trial of the instant action, in 1950, since the bondholders had expressly accepted their share of the proceeds of the 1941 sale in full settlement of their claim and had dismissed with prejudice their action to foreclose the bonds, the lien no longer existed.

Plaintiff argues that by the terms of 68 O.S.1951 § 453 defendants were required to tender taxes, penalties, interest, costs, etc., including the $1,972.85 previously referred to, for the reason that the statute requires a party who attacks a tax deed to tender the total amount he would have been required to pay to redeem the land *at the time of the resale*.

The pertinent part of the statute requires one who seeks to avoid a tax deed to tender *"in open court* for the use of the holder of the tax deed, all taxes, penalties, interests and costs, which the party seeking to redeem would be bound to pay if he was *then* redeeming the land from tax sale". (Emphasis supplied.)

We have previously held that the taxes, penalties, interests and costs which must be tendered includes delinquent special assessments. Hogrefe v. Board of County Commissioners of Payne County, 192 Okl. 200, 134 P.2d 556.

■ It is well settled that the tender required by 68 O.S.1951 § 453 must be made unless it is shown that no taxes are due; see Hill v. Henry, 190 Okl. 413, 124 P.2d 405, 408, wherein the court said in part, regarding an attack on a tax deed:

"* * * However, this court has recognized one condition which may arise in three ways, that dispenses with the necessity of tender. That condition is that there 'are (or were) no taxes due'. The condition arises: 1—where the land is exempt from taxa-

tion; 2—where it has not been assessed, and 3—where the taxes have been paid."

The question of whether the amount of the tender required by the statute is to be determined as of the date of the sale, or as of the date of the tender has apparently never been directly before this court. It is true that the syllabus in the Hill case, supra, might be interpreted to mean that the amount of the tender is to be determined as of the date of the sale, but an examination of that case shows that this precise question was not in point there, and we therefore do not consider it controlling here.

The question of the intention of the legislature in passing the tender statute is enlightening in considering this case. In Parks v. Lyons, 183 Okl. 529, 83 P.2d 573, 576, the court said:

"* * * Such statutes, being remedial, should be liberally construed so as to carry out the manifest intention of the Legislature, which is that the one whose duty it was to pay the taxes should not be permitted to litigate the validity of the tax sale until he has offered to *reimburse the purchaser who has discharged a burden* which he should have discharged." (Emphasis supplied.)

In the case at hand, then, the pertinent facts are these: the land concerned was subject to the lien of certain paving assessments which became delinquent and were so certified to the county treasurer; in 1938, the bondholders instituted a foreclosure action which was pending till 1950; in 1941 the county treasurer sold the land at tax resale, which sale was void for the reasons heretofore noted; in 1949 this action was instituted in which plaintiff and defendants, successors in interest, respectively, of the tax sale purchaser and the former owners of the land, set up conflicting claims to the land and asked that title be quieted in them respectively; be-

fore trial of this action, the bondholders in the 1938 action entered into a stipulation with defendants therein (who are also defendants herein) in which they recited the acceptance of their pro rata share of the 1941 resale proceeds in full satisfaction of their claims, and dismissed their action for foreclosure *with prejudice* to a future action.

Plaintiff herein did not plead that she or her grantor had paid the amounts due under the bonds; neither does she suggest what disposition should have been made of the amount due under the bonds, if the court had required the tender of such amount. She therefore is not in a position to require defendants to "reimburse the purchaser who has discharged a burden" which they should have discharged.

We have previously shown Oklahoma City v. Vahlberg, supra, that the delinquent paving assessments here are considered as taxes.

█ It can hardly be denied that the dismissal of the action for foreclosure *with prejudice,* deprives the bondholders of the right to demand payment on their bonds, especially in view of the fact that the stipulation filed in the foreclosure action recited the acceptance of a share of the proceeds of the 1941 resale in full settlement of all claims under the bonds.

█ We therefore hold that the dismissal *with prejudice of the foreclosure* action had the effect of bringing about the third condition referred to in Hill v. Henry, supra —that is, that there "'are (or were) no taxes due'" insofar as the paving assessments are concerned, for the reason that they had been paid.

The judgment of the trial court is affirmed.

DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH and CORN, JJ., dissent.