THE STATE *ex rel.* DAVIS, *Collector*, v. GOODNOW; AYLER, *Interpleader, Appellant.*

1. **Fixtures**: SEVERANCE. The owner of land has the right to sever fixtures from the freehold, and they may be severed and lose their character as fixtures by accident.

2. ———: TAXES: LIEN. The lien of the State for taxes on the realty, cannot follow severed fixtures as personal property.

3. **Taxes**: COLLECTION: SEIZURE. No means can be resorted to to coerce the payment of taxes, other than those provided by statute, and the only manner in which the collector can proceed against personal property for taxes due on it, is, after the required demand and notice, to seize it as directed by the revenue law, and there can be no lien on it before seizure.

*Appeal from Clinton Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*Crosby Johnson* for appellant.

The writ of attachment was void for want of an attachment bond. The action should have been brought against the owner of the property. The title to the goods had passed to Ayler, and the railroad company was his agent. *Rickey v. Zappenfeldt*, 64 Mo. 277; *Comstock v. Affelter*, 50 Mo. 411; *Erwin v. Arthur*, 61 Mo. 386; *Magruder v. Gags*, 33 Md. 344; *Krudler v. Ellison*, 47 N. Y. 36. The tax law does not authorize a suit by attachment in aid of pro-

ceedings to collect taxes.   R. S. 1879, §§ 6754, 6826, 6831, 6836, 6837, 6838, 6839.   The collector can take no step which is not provided by statute.   *McPike v. Pen*, 51 Mo. 63 ; *Alexander v. Helfer*, 35 Mo. 334 ; *Board, etc., v. Mining Co.*, 18 W. Va. 441.   If the State had a lien on the attached property, attachment was not the remedy, but injunction or prohibition.   *Price v. Roetzell*, 56 Mo. 500 ; *Ware v. Johnson*, 55 Mo. 500 ; *Bank v. Kercheval*, 65 Mo. 682.   Where the statute gives a remedy, parties are restricted to it.   Cooley on Tax., 13 ; Cooley on Torts, 653 ; *State v. Marlow*, 15 Ohio St. 114 ; *Wetmore v. Tracy.* 28 Am. Dec. 525 ; *Moore v. White*, 45 Mo. 206.   The State has no lien on personalty for taxes until seized by the collector.   *State v. Rowse*, 49 Mo. 586 ; *Rice v. Powell*, 44 Mo. 436 ; *Norris v. Brunswick*, 73 Mo. 256 ; R. S., § 2361 ; *Anderson v. State*, 25 Miss. 495 ; *State v. St. L., K. C. & N. R'y Co.*, 77 Mo. 202.   The machinery not being specially adapted to that particular structure, did not become a fixture.   *Hunt v. Mullanphy*, 1 Mo. 508 ; *Burk v. Baxter*, 3 Mo. 207 ; *Lacey v. Gibony*, 36 Mo. 320 ; *Haeussler v. Glass Co.*, 52 Mo. 452 ; *Graves v. Pierce*, 53 Mo. 423. A statutory lien on land confers no property in the land itself, but simply gives a right to levy on the land to the exclusion of intervening adverse interests.   Freeman on Judg., § 338 ; Waple's Proceedings in Rem, § 232 ; *Seibert v. Copp*, 62 Mo. 182.   Until levy of execution, there is no such interest in the property as the law will recognize or protect.   *Warner v. Veitch*, 2 Mo. App. 459 ; *Conrad v. Ins. Co.*, 1 Pet. 443 ; *Buckout v. Swift*, 27 Cal. 433 ; *Smith v. Wagoner*, 50 Wis. 155 ; *Priestly v. Johnson*, 67 Mo. 632 ; Wells on Replevin, § 69.

*J. M. Lowe* for respondent.

HOUGH, C. J.—On the 21st day of March, 1880, the plaintiff instituted a suit in the circuit court of Clinton county against the defendant, Goodnow, for the purpose of enforcing the lien of the State for the taxes of 1878, amount-

ing to $138.60, on lot 1, block 37, in the town of Lathrop in said county. After setting forth the facts necessary to obtain a judgment enforcing the lien of the State on the lot, the petition concludes as follows: "That there was during the above year for which taxes were assessed a steam flouring mill situated on said tract of land, and that said mill was, on the —— day of October, 1879, burned down and destroyed, and the defendant is now about to ship the boiler and other valuable materials and fixtures out of this county. That said tract of land is now not worth the amount of the taxes so assessed as aforesaid, unless said boiler and other materials and fixtures belonging to said mill are attached and held, and that plaintiff has not the time to make the demand and give the notice required by the statutes before seizing and selling said property."

The prayer was for judgment, for taxes with interest, cost and commissions, and that the same be declared a lien on the land, and the lien enforced and the land sold to satisfy the judgment. An affidavit for an attachment accompanied this petition, and a writ of attachment was issued and levied upon the engine, boiler and machinery attached thereto. The defendant, Ayler, filed an interplea, claiming said engine, boiler and machinery as his by virtue of a purchase thereof from said Goodnow, on the 2nd day of March, 1880, for the sum of $500 paid in cash, and a note for $300 payable in six months thereafter. The case was tried upon the following agreed statement of facts:

"It is hereby agreed that in 1878, and for several years prior thereto, defendant, Goodnow, was the owner of lot 1, block 37 in the town of Lathrop, Clinton county, and that there was on said lot a structure known as a steam flouring mill, and that the engine, boiler and machinery described in the interplea was placed in said mill in the usual form for the purpose of supplying the motive power of said mill. That said mill was burned and destroyed in October, 1879, and that after its destruction said engine, boiler and machinery were stored upon the lot and remained there until

about March 1st, 1880, when interpleader entered into negotiations with Goodnow for their purchase, which negotiations ended in the sale of said property by Goodnow to interpleader, at the time and for the price stated in the interplea. That interpleader at the time of purchasing said property knew that said property had been used to run said mill prior to its destruction, but had no knowledge or information in relation to the taxes due on said lot. That after the purchase of said property the same was removed .from said lot to the station in Lathrop, and was then and there loaded on a flat-car on the line of the Hannibal & St. Joseph Railroad Company, for shipment to interpleader at Joplin, Missouri. That while said property was on said car this suit was begun, and the property attached by virtue of writ of attachment issued out of this court; that in the attachment suit no attachment bond was given by plaintiff."

The interpleader then asked the following declarations of law:

1. Under the agreed statement the property in dispute did not become a fixture, and never was bound for payment of the taxes of the mill lot.

2. When the mill burned down the property in dispute became and remained personal property.

3. When the mill burned down and Goodnow had sold the property in dispute to interpleader, and it was re-·moved from the mill lot, it became personal property and was discharged from the lien for taxes.

4. After the property in question had been sold for a valuable consideration to interpleader, and it had been removed from the mill lot for shipment, it could not be seized for taxes due from Goodnow on account of the mill lot.

5. An action of attachment will not lie to enforce or aid the State's lien for taxes on real estate.

6. The attachment writ was void for want of a bond.

Under the agreed statement and in the absence of testimony showing the contrary, we shall regard the engine and boilers as fixtures. The owner of the land has un-

doubted right to sever fixtures from the freehold, and they may be severed and lose their character as fixtures by accident. When the mill burned down and the property in controversy was removed from its place, it became personalty and subject to sale and transfer as such. Whatever may be the rule as between mortgageor and mortgagee in such cases, we are of opinion that the lien of the State for taxes on the realty did not and could not follow the severed fixtures as personal property. *Vide* Ewell on Fixtures, 49. Whether the State authorities may institute legal proceedings to restrain the owner from removing fixtures when such removal will reduce the value of the realty to less than the amount of the taxes, is a question not now before us. The inconvenience of such a rule would, perhaps, of itself be a sufficient argument against it. In this case the collector has recognized the change which has taken place in the character of this property by seizing it under a writ of attachment as personalty. We are not aware of any provision in the revenue law which authorizes a suit by attachment for the seizure, condemnation and sale of personalty for taxes. The general rule undoubtedly is, that no means can be resorted to to coerce the payment of taxes other than those pointed out in the statute. *Carondelet v. Picot*, 38 Mo. 125. The property in question being personalty at the time of its sale to the interpleader and its seizure by the sheriff, the only manner in which the collector could proceed against it for taxes due on it was, after the required demand and notice, to seize the property as directed by the revenue law. Being personalty, there could be no lien on it before seizure. *State to use of Philips v. Rowse*, 49 Mo. 586. There being no lien on the property and the interpleader having purchased it in good faith, he acquired the title thereto free from any lien which may have attached to it when it was part of the realty. It is unnecessary to determine whether, under section 402 of the Revised Statutes, a bond should have been given by the collector before the writ of attachment was issued.

The judgment will be reversed and the cause remanded, with directions to enter judgment for the interpleader. All the judges concur.