CLARK et al. v. PRINCE.

No. 30473. Dec. 1, 1942.

*131 P. 2d 761.*

Bill Montgomery, of Idabel, for plaintiff in error.

Lee & Allen, of Idabel, for defendant in error.

PER CURIAM. This action was commenced in the dictrict court of McCurtain county by defendant in error, Joe Prince, hereinafter referred to as plaintiff, against Cornelius Clark et al. The petition sets forth two alleged causes of action. The first cause of action is in ejectment, wherein the plaintiff seeks possession of a tract of land described as the northwest quarter of the northwest quarter of section 32, township six (6) south, range twenty-one (21) east, McCurtain county, Okla. Plaintiff deraigns his title as being through the board of county commissioners of McCurtain county by reason of a resale deed to the county based upon a resale held by the county treasurer of McCurtain county on April 17, 1939, and, after sale, a deed from the board of county commissioners to said plaintiff dated February 5, 1940.

In the second cause of action plaintiff seeks to quiet his title as against the defendants named therein, including the plaintiff in error herein, Cornelius Clark. Cornelius Clark and Mary Johnson filed their separate answer wherein they deny the validity of plaintiff's title in that they allege that the only title the board of county commissioners had to said land was based on a void resale tax deed issued by the county treasurer of said county after a purported resale held in April, 1939. They allege that said purported resale and resale deed were void for the reasons, (1) that said land was erroneously and illegally assessed for taxes for the year 1935, upon which said purported sale and resale to the county was based, in that it was assessed with other land in which they had no interest; (2) that said land was advertised for sale for years during which time it was not taxable, in that the land did not become taxable until 1925, and was advertised for delinquent taxes thereon for the years 1921, 1922, 1923, and 1924; (3) that said land was not advertised for sale for the nonpayment of taxes in the manner and form prescribed by law, in that two separate and distinct tracts of land were advertised together and the amount of taxes due on each was not separately stated in the advertisement; (4) that the purported resale tax deed is void on its face for the reason it fails to affirmatively show the amount for which each tract of land was sold; (5) that said land was advertised for sale for years during which the taxes had been paid on the land, that is, for the years 1925, 1926, 1927, and 1928, and that said facts were known to plaintiff, in that plaintiff had purchased the tax sale certificates for said years and knew that they had been redeemed; (6) that the defendant Cornelius Clark went to the county treasurer's office prior to the date of resale and obtained a statement of taxes against the land and offered to redeem said land, and that said defendant tendered to said county treasurer all the taxes as due and unpaid against said land, but the county treasurer refused to permit him to redeem the same for the reason that said land had been assessed, advertised, and sold along with other land as one tract, and that he could not redeem the 40 acres of land which is involved here without payment of all due and unpaid taxes, penalties, interest, and costs against the

other 40 acres of land which had been assessed with the land which said defendant claimed. Judgment was for the plaintiff, decreeing that plaintiff is the owner in fee-simple title of the 40 acres of land here involved and is entitled to immediate possession of the same. The court further found that said land was duly and legally sold for taxes at delinquent tax sale on April 17, 1939, and that said sale was legally advertised and all the proceedings therein were legally done and said land was legally liable and legally sold for the taxes for which said land was sold at said resale for delinquent taxes on the 17th day of April, 1939, and that said land was thereafter legally sold by the board of county commissioners to the plaintiff. The decree affirmed and quieted title of the plaintiff in said land as against said defendants and each of them. Cornelius Clark and Mary Johnson appeal.

The record discloses that the land here involved, being the northwest quarter of the northwest quarter of section thirty-two (32), township six (6) south, range twenty-one (21) east, was the allotment of Martha Bibbs, the grandmother of Cornelius Clark. Said allottee was a Choctaw freedman. The record also discloses that Emily Clark, a Choctaw freedman, the mother of defendant Cornelius Clark, was the allottee of the southeast quarter of the northwest quarter of section thirty-two (32), township six (6) south, range twenty-one (21) east, and that she executed a warranty deed conveying that 40 acres of land to Samuel Fulsom on October 10, 1908. T. M. Chastain became the record owner of that 40-acre tract on March 25, 1935. The record also shows that the land here involved was assessed for taxes for the years 1925 to 1934, inclusive, as a separate tract of land. That for the years 1935, 1936, and 1937 said land was assessed along with the southeast quarter of the northwest quarter of said section thirty-two. In 1939 the land here involved was again assessed separately and as a separate tract in the name of Cornelius Clark as owner. The record also shows that Cornelius Clark paid the taxes on the land here assessed for the years 1925, 1926, 1927, and probably for the years 1928 and 1929. The taxes for the years 1930 to 1934 were delinquent and not paid. Likewise, the taxes for the year 1935, where the land here involved was assessed and taxed along with the other 40 acres above mentioned, were not paid and became delinquent. The land appears to have been sold to the county for the delinquent taxes for the year 1935, both 40 acres being sold together. The land not having been redeemed, the county treasurer advertised the land here involved, together with the other 40-acre tract above mentioned, for resale on the 17th day of April, 1939. The land was bid in by the county treasurer for McCurtain county and a resale deed was issued to McCurtain county for the two subdivisions as one tract of land. Later the northwest quarter of the northwest quarter of said section thirty-two was advertised for sale upon a bid presented by Cornelius Clark. At the sale Cornelius Clark bid on the land, but there being other and higher bidders, the land was sold to the plaintiff, Joe Prince, and a deed was issued to him accordingly.

It is first contended that the land was illegally assessed for the year 1935, that being the assessment of taxes for which the land was first sold to the county for delinquent taxes. The description of the land on the assessment roll for said year under the heading, "Description or Subdivisions," was southeast northwest and northwest northwest, section thirty-two, township six, range twenty-one, the number of acres was placed at 80, the value of land and improvements was placed at $440. No name was listed under the proper heading as the owner of said tract of land or either 40 thereof.

With regard to the assessment of real property the statutes ordinarily direct how the property may be described, and this is said to be for the protection of the taxpayer. Black on Tax Titles, par. 101.

In this respect, chapter 115, Session Laws 1933, was in force in 1935, when the assessment was made under which the land here involved was first sold for

taxes. That statute authorized the description of land, other than lots in cities and towns, by subdivisions of quarter of quarter sections of land or less if so owned.

Black on Tax Title, par. 102, says:

"Hence the assessment of a joint tax on two parcels of land, belonging to different owners, based on a joint valuation thereof, creates no lien for the whole or any part of such tax; and no apportionment of the tax will create a lien, unless made as a formal reassessment of the separate parcel, and based on a separate valuation thereof, with a corresponding change in the assessor's lists. And a failure to observe this requirement is not cured by a statute which provides that assessments for taxation shall be valid 'notwithstanding any omission, defect, or irregularity in the proceedings.' "

In Cooley on Taxation (4th Ed.) vol. 3, par. 1068, it is said:

"If separate parcels of land belonging to different individuals, and presumably of different values, can be assessed together, neither of the owners has any means of determining the amount of tax which is properly chargeable to his property, and consequently no means of discharging his own land from the lien, and of protecting his title, except by paying the whole of a demand some undefined and undefinable portion of which is neither in equity nor in law a proper charge against him."

The record in this case clearly discloses that the two 40-acre tracts of land above described were owned by separate individuals on the 1st day of January, 1935, as then disclosed by the county title records. As to the 40-acre tract here involved, that is, the northwest quarter of the northwest quarter of section thirty-two, the record and undisputed evidence is that it was owned and occupied as a homestead by Martha Bibbs, the allottee, up until the time of her death in 1924, and has been occupied ever since that time by defendant Cornelius Clark, her grandson. He testified that he had lived on said land all his life. In 1938 it was assessed to him and he claimed and obtained a homestead exemption thereon.

The question then arises whether the assessments of 1935, 1936, and 1937 were valid. Our attention has not been called to any statute that authorizes the assessment of two separate tracts of land owned by separate individuals as one tract and valued as a whole. We have found no such statute in this state, and none has been called to our attention from any other state.

In Davenport v. Doyle, 57 Okla. 341, 157 P. 110, it is held that where two adjoining 40-acre tracts comprising a part of the allotment of a Creek citizen were assessed together and one of the 40-acre tracts was nontaxable, such assessment was void. In Emery v. Stansbury, 173 Okla. 478, 49 P. 2d 155, it is said:

"Assessment of property for taxation is one of the essential steps leading up to the collection of taxes. If an assessment is void it follows inevitably that a sale based on such assessment is likewise void."

Under the above authorities the assessment of the two 40-acre tracts, separately owned, for the years 1935, 1936, and 1937, was invalid and created no lien upon any part of the land here in controversy, and that the sale of said land to the county was likewise invalid.

Plaintiff relies in part upon the provisions of section 9, art. 31, ch. 66, Session Laws 1939, which provide that a resale tax deed executed in substantial compliance with the said act shall be prima facie evidence in all courts of the state in all suits and controversies relating to the rights of the grantee named in said deed of seven specific facts, among which are: (2) that the property had been legally assessed for such years; (3) that the taxes were levied according to law; (4) that said property was legally sold to the county at delinquent tax sale more than two years prior to said resale. But prima facie evidence in this case was fully met and overcome by the uncontradicted evidence.

Plaintiff also relies on the provision in said section 9 that to defeat the deed it must be clearly pleaded and clearly

proven that one or more of the essential prerequisites to the vesting of authority in said county treasurer to execute such deed was wholly omitted and not done, and that a showing that one or more of said prerequisites was irregularly done shall not be sufficient to defeat the deed. We have pointed out that on account of the failure to observe the requirement with reference to the assessment of separate and distinct tracts of land owned by different persons separately, the purported assessment was void, the equivalent of no assessment whatever. That situation could not be corrected or cured by the statute which provides that assessments for taxation shall be valid notwithstanding omission, defects, or irregularities in the proceedings. That curative statute is not applicable in this case.

The judgment of the trial court is reversed and the cause is remanded, with directions to proceed in accordance with the views herein expressed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and HURST, J., dissent. RILEY, J., absent.

---

HURST, J. I dissent for the reason that the court does not require a compliance with section 12668, O. S. 1931 (68 O.S.A. § 360) providing for the ascertainment and payment of the amount of taxes properly due, before judgment.