## JOHNSON v. HIGH et al.

### No. 30926.   Sept. 28, 1943.

### 141 P. 2d 583.

Stephen A. George, John C. Caldwell, and Woodrow George, all of Ardmore, for plaintiff in error.

N. E. Ticer, of Wilson, for defendants in error.

ARNOLD, J. Minnie L. Johnson, plaintiff below, brought this action against Alpha High and the board of county commissioners of the county of Carter, defendants below, to quiet the title to certain real estate described as follows: S.E.¼ of the N.E.¼ of the S.E.¼; W.½ of the N.W.¼ of S.E.¼; N.W.¼ of the S.W.¼ of the S.E.¼; S.E.¼ of the S.W.¼ of S.E.¼; N.W.¼ of the S.E.¼ of the S.E.¼; S.½ of the S.E.¼ of the S.E.¼; all in section 13, township 5 south, range 3 west.

The facts essential to our determination of this case and disclosed by the record are Fred Renzelman was the owner of the 80 acres described in the petition together with the S.W.¼ of the S.W.¼ of the N.E.¼ of section 13 (ten acres); that the whole 90 acres was assessed for taxation as one tract; that the taxes were paid thereon as such for a great many years; that the taxes

were not paid for the years 1932, 1933, 1935, 1936, and 1937; that the whole 90-acre tract was sold to the county for the 1935 taxes at original sale in November, 1936; that the 80-acre tract was on the 1939 resale delinquent tax listing; however, the N.W.¼ of the S.W.¼ of the N.E.¼ of said section 13 was described therewith instead of the S.W.¼ of the S.W.¼ of the N.E.¼, showing Fred Renzelman as the owner; that the notice of tax resale described the tract in the same manner; that no one offered the full amount of the taxes, penalties, interest, and costs due thereon at the resale, and such property, as described in the notice, was bid in by the county; that a resale tax deed was issued to the chairman of the board of county commissioners; that the same description appears in the resale tax deed.

The record further discloses that the N.W.¼ of the S.W.¼ of the N.E.¼ of said section 13 was not owned by Fred Renzelman and that all taxes had been paid thereon. This 10-acre tract is not contiguous to the 80-acre portion of the tract owned by Fred Renzelman.

In 1940 the defendant High made an offer of purchase for the correctly described 80 acres. After notice, as required by law, the 80 acres was sold to the said defendant and a commissioner's deed was issued to her.

Plaintiff tendered into court, for the use and benefit of the party adjudged to be entitled thereto, all taxes, penalties, and costs which might be found and adjudged to have been legally assessed against and now due and owing upon said property.

The trial court quieted the title to the 80 acres in the defendant High; the plaintiff appeals.

Plaintiff contends, first, that a purported sale of two noncontiguous tracts of real property severally owned and severally assessed, in satisfaction of taxes, penalties, interest, and costs assessed against both tracts, is utterly void and conveys no title to either.

There is little question but that the ten acres owned by Fred Renzelman located in the N.E.¼ of section 13 was left off the delinquent tax list and out of the notice of resale by mistake. However this may be, where there are no bidders at resale, the only authority the county treasurer has is to bid off the whole tract in the name of the county for the amount of taxes, penalties, interest and costs due on said tract (68 O.S.A. § 414). The county treasurer has no authority to bid in a portion thereof under any circumstances. 68 O. S. 1941 § 384 has no application where the county is forced to bid in the tract. This being true, the sale of a portion of a tract at resale to the county is a nullity because there is no authority of law therefor. It necessarily follows that the county obtained no title to the land involved by virtue of the resale deed to it, and the commissioner's deed to the defendant covering the 80 acres is without effect.

The defendant cites and relies on Taylor v. Babbitt, 86 Kan. 650, 121 P. 1119. In that case several tracts owned by separate owners and sold separately at tax sale were included in one tax deed to the purchaser. It was therein held that the fact that the conveyance as to one tract was void by reason of lack of description, the tax deed is not void as to the other tracts properly described and sold. Obviously the holding in that case has no application to the case at bar because here the county treasurer was attempting to sell only one tract which was not properly described.

The same statement is true as to Watkins v. Inge, 24 Kan. 612, also relied upon by defendant.

In Northern Pacific Railway Co. v. Smith, 68 Wash. 269, 122 P. 1057, also cited by the defendant, the proceedings leading up to the sale were regular; however, in the description in the tax deed, township 10 west was set forth instead of township 10 north. For the reasons above stated, we do not think that case has any application herein.

The same is true of the cited quotation from 61 C. J. 1353; Herod v. Carter, 81 Kan. 236, 106 P. 32; Jefferson County v. Johnson, 23 Kan. 717. Defendant also relies on Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848, wherein we had under consideration the sufficiency of a resale notice containing a description "NW4, 11, 18, 14," with an explanation of the meaning of the foregoing letters and figures. In holding such description sufficient we said:

" . . . The description will be held sufficient if it be such as to enable both the owner and the prospective purchaser to identify and locate with substantial certainty the land to be sold, and it need not be so detailed as to point out the exact boundaries so that a stranger unacquainted with the locality and the neighbors could find it without inquiry, but the designation must not be so confusing as to be calculated to mislead a person of average intelligence."

The description of the 10-acre tract in the instant case is exact and would lead one to an entirely different 10-acre tract than that intended to be sold. It is apparent that the cited authority is not in point. On this point see Terwilleger v. Bridges, 192 Okla. 642, 138 P. 2d 79.

The defendant, High, contends that the reply of the plaintiff to her answer contains no allegation of fact but simply alleges conclusions of the pleader. We do not think that this contention is well taken. The plaintiff alleged, among other things, that the deed was void on its face for the reason that the same discloses that there was an attempted sale en masse of plaintiff's property together with other property owned by another party; that there was an attempt to sell her property en masse with property owned by another in satisfaction of delinquent taxes assessed against her property in which plaintiff and her predecessors in title had no right, title, or interest; that said property was not advertised for sale in the manner and form as required by law, and the treasurer of Carter county was without

jurisdiction, power, or authority to sell or convey said property or any part thereof at resale to Carter county.

In the absence of a motion to make more definite and certain, these allegations are sufficient to raise the issue as to the validity of the tax sale and meet the requirements of 68 O. S. 1941 § 432-h.

The judgment of the trial court is reversed, with directions to enter judgment for the plaintiff if she makes good her tender of all the delinquent taxes, penalties, and costs.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. GIBSON, V. C. J., absent.