SMITH et al. v. ANDERSON.

No. 31883. Oct. 2, 1945.

*162 P. 2d 178.*

N. E. McNeill, of Tulsa, for plaintiffs in error.

Fred L. Patrick, J. V. Frazier, and R. K. Robertson, all of Sapulpa, for defendant in error.

RILEY, J. Plaintiffs in error appeal from a decree quieting defendant in error's title to land located in Creek county. The land involved is a contiguous tract consisting of 160 acres, described as the south half of southeast quarter and the south half of southwest quarter, section 8, township 19 north, range 7 E.I.M. The parties to this appeal stipulated that in 1927 the land was owned in undivided one-half interests by P. E. Heckman and H. U. Bartlett, or the Bartlett interest. It is also agreed that prior to the taxable year of 1929, by grants and conveyances from the said owners, plaintiffs in error were vested with certain mineral rights or royalties as to all of the described land except the west 40 acres. The record being silent, it is assumed that the land as to minerals has remained undeveloped.

In 1929 the lands were assessed for taxes as a whole, and extended on the tax rolls in undivided one-half interests according to ownership of the surface of the land. Taxes were paid on the Bartlett tract but, being delinquent as to the other undivided one-half interest, it was sold to Creek county at sale and resale. Thereafter Oscar Anderson, Jr., acquired, by commissioners' deed, the interest of the county and commenced this action to quiet his title to the land. Plaintiffs in error, who were defendants adversely affected by the decree, have perfected this appeal.

The issue presented is whether a mineral interest or royalty in land is such an interest as must be considered and protected by the assessment of lands for taxes. In Clark v. Prince, 191 Okla. 551, 131 P. 2d 761, involving the

assessment of land for taxes and wherein no mineral interest or royalty was concerned, this court expressed the view that:

"Assessment of property for taxation is one of the essential steps leading up to the collection of taxes."

—and:

"If an assessment is void, it follows inevitably that a sale based on such an assessment is likewise void."

However, in State v. Shamblin, 185 Okla. 126, 90 P. 2d 1053, the rule is stated that:

"To determine that a certain article is property according to common law or general classification is not to determine whether it is taxable; to be taxable it must be selected as a subject of taxation according to the legislative classification for that purpose. Therefore, the general rule is, no property can be assessed until the Legislature has made proper provision for this purpose; and, where the Legislature has omitted to provide for the assessment of certain kinds of property, it is not within the province or power of the court to make such assessment."

Therein it was held that under our system of taxation, real property, which for the purpose of taxation means the land itself inclusive of mineral interest, must be assessed in the name of the owner of the land, so that in the absence of a provision by law for a severance for the purpose of taxation, the obligation to pay taxes upon such land devolves upon the owner of the real property, which, for the purpose of taxation, means the surface owner.

In Secrest v. Williams, 185 Okla. 449, 94 P. 2d 252, involving royalty or mineral interest, this court expressed the view that "Oil and gas, while lying in the strata of earth from which they are produced, must be taxed as real property to the owner of the land, if the land is taxable, under which, for the time being, they may lie," and "It necessarily follows that the sale of land for taxes passes title to the land including the mineral rights therein, whether severed or not, to the purchaser, and therefore extinguishes the rights of the owner or owners of the land and of the mineral rights of any interest or estate therein."

Under these authorities it is readily apparent that mineral interests are not taxable as such, not having been legislatively selected as a subject of taxation but that such mineral interests or royalty are represented in the land itself as a subject of taxation. The owners of mineral interests are bound by a proper assessment of the land.

In the Clark-Prince case, supra, taxes on two separately owned tracts of land were assessed as a unit. The treasurer declined tax payment on one of the separately owned tracts of land and demanded payment upon the whole. The assessment was held to be void. However, as shown by the decisions hereinbefore quoted, a royalty or mineral interest is not taxable as such. There is no requirement of law that land subject to taxation, from the title of which such mineral interest has been segregated and sold, be assessed separately in order to protect such royalty or mineral interest.

The assessment here involved is attacked because made and extended upon the tax rolls in undivided interests according to ownership of the land. It may be noted that subsequent to this assessment, and in 1941, the Legislature enacted Title 68, sec. 9, ch. 1a, S. L. 1941, expressly providing for separate assessments of an undivided interest in real estate and with relation thereto the comment expressed on page 66, vol. 68 O.S.A., is that the section was intended to legalize "a necessary and general practice of doubtful legality." It is contended that such prior assessment was without authority of law. As we view the issue, no prior law in existence inhibited such an assessment. But whether or not the subsequent legislative act was a mere ratification and declaration of that which had long

existed by custom and usage, it would seem that plaintiffs in error, possessing no interest in land subject to taxation, are in no position to complain. The consequence is that the assessment of the real estate here involved must be sustained.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.