STRICKLAND v. PATTON.

No. 31197. Oct. 9, 1945.

Rehearing Denied Nov. 27, 1945.

*163 P. 2d 525.*

H. A. Johnson, of Perry, for plaintiff in error.

Kenneth Reed, of Perry, for defendant in error.

ARNOLD, J. This action was commenced by W. A. Strickland, as plaintiff, on the 14th day of May, 1940, against Pearl Patton, as defendant, for the purpose of canceling certain deeds and quieting plaintiff's title to lot 4 in block 8 in the original townsite of Perry, Noble county, Okla.

The case was tried on plaintiff's amended petition and the answer and cross-petition of defendant, resulting in a decree in favor of defendant and quieting her title to the above-described property.

In his brief plaintiff states three propositions for reversal of this case, but evidently decided while preparing the brief that there was no merit in his contentions, for he abandoned all of them on page 4 of the brief by the following language:

" . . . it seems that both the plaintiff and the defendant were mistaken in their legal contention at the trial and so was the trial court. It now appears that both the plaintiff and the defendant have some title in the lot in question, and that they are tenants in common. The pleadings should be amended so as to constitute a proceeding in partition. The court could then determine the interest each party has in the property in question, and dispose of the rights of the parties as required by law in partition."

In view of the foregoing statement of plaintiff in error, the only pertinent facts that need be stated are that the property involved was validly sold for ad valorem taxes and validly resold to the county and a valid sale thereof made by the county commissioners to defendant.

This language in the brief of plaintiff is based upon the decisions of this court in Board of County Commissioners of Seminole County v. The City of Wewoka ex rel. North et al., 191 Okla. 142, 127 P. 2d 826, and Service Feed Company et al. v. City of Ardmore et al., 171 Okla. 155, 42 P. 2d 853. Those cases simply hold that a sale of property for delinquent ad valorem taxes does not affect delinquent special assessments which were delinquent but which were not advertised and included in such sale. This rule is well established in this state by numerous decisions, but it has no application to the facts disclosed by the record in the instant case. Though not in point, but somewhat analogous, is Nix v. Reynolds, 193 Okla. 15, 141 P. 2d 86.

When judgment was rendered in cause No. 5450 in the district court of Noble county foreclosing certain delinquent installments of special assessments, the lien of those assessments was merged in the judgment and ceased to exist when the judgment was satisfied by a sale of the property, and when plaintiff purchased at the sheriff's sale, made pursuant to that judgment, he did not buy a lien but took said property by virtue of the provisions of 11 O. S. 1941 § 107, by which statute his title to the property was expressly made subject to delinquent ad valorem taxes, as provided in the judgment. Plaintiff made no effort to redeem from the lien of the ad valorem taxes, and when the property was sold to the county at resale for such delinquent ad valorem taxes it canceled all prior liens and encumbrances including the deed which plaintiff took under the sheriff's sale in foreclosure.

A valid sale of property by county commissioners, title to which was acquired by the county by valid resale for ad valorem taxes, vests title which is superior to the title of the purchaser thereof at previous foreclosure sale for a special assessment lien.

Affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur. GIBSON, C.J., dissents.