COPELAND et al. v. TUCKER.

No. 32724.   Sept. 30, 1947.

*185 P. 2d 192.*

Crawford W. Cameron, of Marietta, for plaintiffs in error.

Williams & Williams, of Ardmore, for defendant in error.

RILEY, J. This is an action commenced by B. E. Copeland and Aaron Copeland against F. E. Tucker to quiet title to a tract of land containing 130 acres consisting of the N.E.¼ of N.E.¼ of N.E.¼; the W.½ of E.½ of N.E.¼; and the W.½ of N.E.¼, sec. 6, twp. 6 So., R. 1 west in Love county.

Plaintiffs claim title under a county commissioners' deed which in turn is based upon a resale tax deed to the county, issued May 12, 1942. Defendant claims to be the owner of an undivided one-half of the mineral interest in said land and assails the validity of the resale tax deed to the county. Judgment was for defendant, and plaintiffs appeal.

The land was advertised for resale and sold to the county in 1942 for the delinquent taxes for the years 1935-1936 and 1938 to 1941, inclusive. The 1937 taxes were paid.

The land, all located in the N.E.¼ of said section 6, was assessed and taxed for the years 1937 to 1941 as a single unit. For the year 1935, the assessment record or tax roll showed an assessment of a tract of land as a single unit, described as follows:

> N
> "NE NE NE; W½ E½ S̸E; W½ NE of Section 6, Township 6 South, Range 1 West."

This is shown by a stipulation of counsel for the parties, filed March 1, 1947.

Newton Copeland was listed as the owner.

This describes the tract in three legal subdivisions, the second subdivision being the W.½ of E.½ of N.E.¼, sec. 6, and clearly indicates that said assessment as originally made was against the W.½ of E.½ of S.E.¼ and at some time thereafter a line was drawn through the letter "S" and the letter "N" was written directly above, indicating a change from the S.E.¼ to the N.E.¼. The evidence does not show when or by whom the change was made. If it was made before the close of the assessment period for 1935 and before the tax rolls were delivered to the county treasurer, it constituted a valid assessment against the entire 130 acres. But if the change was not made within said time, there was no assessment for the year 1935 against the W.½ of E.½ of N.E.¼ of said section 6.

The trial court found that said subdivision was not assessed for the year 1935 and that said 40 acres of land was not advertised for sale for taxes at the November, 1936, sale.

The notice of sale for delinquent taxes for 1935 was introduced in evidence together with affidavit of publication, showing that it was first published October 9, 1936. Therein, land in section 6, twp. 6 So., R. 1 west, advertised for sale, included a tract described as: "W2 E2 SE". The certificate and return of sale, dated November 20, 1936, so described the land sold at the November, 1936, sale.

68 O.S. 1941 §382 requires that the notice shall contain a notification that all lands on which the taxes shall remain unpaid will be sold, the time and place of sale, and a list of the lands to be sold. The only record which would show the land on which the taxes for the year 1935 were unpaid and from which the county treasurer could make up a list of lands to be sold would be the tax rolls in the office of the county treasurer.

This notice and return of sale constitute evidence strongly tending to show that the assessment or tax roll in the office of the county treasurer, as late as October 9, 1936, showed the description of the second subdivision of the land as the W.½ of E.½ of S.E.¼, and not in the N.E.¼ of said section, and clearly indicated that the letter "S" had not been stricken and the letter "N" inserted prior to that time.

This being an action of equitable cognizance, this court may review and weigh the evidence. While there is no direct evidence that the letter "S" was stricken and the letter "N" inserted so as to change the description in the record before the end of the assessment period and before the tax roll was turned over to the county treasurer, the record constitutes circumstantial evidence so clear and convincing as to lead to no other conclusion than that the change was made after October 9, 1936. Therefore, it cannot be said that the finding of the trial court is clearly against the weight of the evidence.

The contention of plaintiffs in their brief that the assessment record is regular in every respect cannot be sustained in view of the stipulation signed by their counsel. It being established as fact that there was no assessment of 40 acres of the land involved and described as the W.½ of E.½ of N.E.¼, sec. 6, for the year 1935, and it being conceded that the resale was for taxes for the years 1935 and 1936 and 1938 to 1941, inclusive, the resale tax deed is void under the decisions of this court in Clark v. Prince, 191 Okla. 551, 131 P. 2d 761, and Evans v. Neal, 198 Okla. 515, 180 P. 2d 661. This, for the reason that there was no valid assessment of the land involved for the year 1935. Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, CORN, and GIBSON, JJ., concur.