CHERRY v. CROWN HILL CEMETERY TRUST et al.

No. 32565.   March 9, 1948.

*191 P. 2d 591.*

W. R. Kerr and H. F. Fulling, both of Tulsa, for plaintiff in error.

Elton B. Hunt, William L. Eagleton, and Amos T. Hall, all of Tulsa, for defendants in error.

WELCH, J.   Plaintiff sues as the owner or former owner of the 60 acres of land involved and contends the defendant's resale tax deed is invalid for several assigned reasons.   Several others intervened, claiming to own numerous separate portions of the premises, and joined in the prayer to cancel defendant's tax deed.

There is no question but that plaintiff, or plaintiff and the interveners together, represent all of the former owners, and that the land was assessed in two 30-acre units as property owned by plaintiff.

The trial court found and adjudged that the assessment of this land was void, and that therefore there was no authority to sell, and the resale tax deed was wholly invalid, and same should be canceled.

For reversal the plaintiff in error presents five specifications of error.

The first deals with defendant's motion to make plaintiff's petition more definite and certain.   On that we observe that some of plaintiff's allegations were in the nature of conclusions, as defendant asserts, but we are well convinced that any error in overruling defendant's motion was harmless.   The case was tried virtually upon agreed facts, leaving questions of law only to be determined, and it does not appear possible the defendant could have been prejudiced by any formality of pleading.

As to the second specification of error, that the court erred in overruling defendant's demurrer to plaintiff's pe-

tition, we find no error, in that plaintiff's petition fairly and sufficiently presented the plaintiff's cause for cancellation of defendant's tax deed.

In defendant's third specification of error, it is urged the judgment rendered was erroneous under the law and facts. We have heretofore noted the finding and judgment. To support it we observe the following facts which are shown beyond question: That each of the 30-acre tracts placed upon the roll by the assessor included parcels separately owned by several individuals; and if the entire 60-acre tract was not exempt from taxation in any event, each of the 30-acre assessments included land admittedly exempt from taxation. The defendant contends that at least a part of the 60-acre tract is taxable under the circumstances shown, but if it were so, the defendant's deed would draw no validity from such fact, in view of the established invalidity of the assessments as above shown. Such an assessment is void and cannot support any sale for taxes. Egan v. Henshaw, 197 Okla. 83, 169 P. 2d 298; Evans v. Neal, 198 Okla. 515, 180 P. 2d 661; Clark v. Prince, 191 Okla. 551, 131 P. 2d 761, 144 A.L.R. 337. See, also, the annotations following Clark v. Prince, in A. L. R. See, also, the rules announced in paragraphs one and two of the syllabus of Davenport v. Doyle, 57 Okla. 341, 157 P. 110.

The facts shown in the preceding paragraph dispose of defendant's specification of error that the trial court erred in not requiring plaintiff to tender the taxes, interest and penalty referred to in 68 O. S. 1941 §§453-455. We have applied that statute in many cases where it has application. But we have pointed out that in cases where the attempted assessment is void, there is nothing to support a tax levy, nothing is legally required or could be legally required to be paid to redeem. In such case, as where the land is tax exempt, the tender statute has no application. Egan v. Henshaw and Evans v. Neal, supra.

The one remaining specification of error in overruling motion for new trial is disposed of by what we have said as to the other alleged errors.

The assessments of these two tracts of land were wholly void, and all that followed thereon a nullity. The trial court properly so found in canceling the resale tax deed.

Affirmed.

HURST, C.J., and BAYLESS, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. DAVISON, V.C.J., concurs in result. RILEY, J., concurs specially.

RILEY, J. (concurring specially). I do not doubt the liability of a part of the land involved, for taxation. Can it be that lots of a cemetery, not public in that the land is useful and used for pecuniary profit as the result of ownership by a private person, firm, or trust, is for sale and no part of the consideration expected to be received from such sale is devoted to beautifying the cemetery, contrary to the law applicable to corporations and municipally owned cemeteries, fraternal cemeteries, and the like, are not taxable?

This is a matter of public concern. By constitutional requirement and statutory law, all such land shall bear a just and equitable part of the burden of government. To resolve the issue as it has been resolved by majority opinion is to permit land so used for pecuniary profit to escape its just proportionate part of the burden of government, and to defeat the purpose of statute requiring an allocation of a part of the proceeds from the sale of lots owned by public corporations, to be devoted to the beautification of cemeteries.

This cause has long pended in this court, and I annex hereto my views heretofore written and expressed to the conference of this court.

This is a judgment and decree against Jim Cherry, rendering void a resale tax deed, quieting title of plaintiffs and

interveners to land and lots constituting a cemetery in Tulsa county, and enjoining Jim Cherry, his successors, heirs, and assigns, from interfering with the quiet repose and peaceful possession as decreed. Jim Cherry appeals.

Trustees of the Cemetery Trust brought the action against Jim Cherry. They pleaded the plaintiffs to be an express trust, created in 1930 by a declaration attached to plaintiff's petition. Plaintiffs alleged the object of the trust and the use of the involved land to be for the purpose of establishing a **public** cemetery within the purview of the provisions of section 6, art. 10, Constitution of Oklahoma, by which: "All property used for . . . **public cemeteries** . . . shall be exempt from taxation . . . ." However, as shown by the Declaration of Trust (paragraphs 12 and 25),[1] as established by plaintiffs' evidence and as admitted in plaintiffs' brief, the trust was organized and exists for profit.

The interveners are owners of burial lots in Crown Hill Cemetery. They appear in a representative capacity and seek restraint against Jim Cherry from interference with and exercise of dominion and control over lots and graves in which interments have been made.

Jim Cherry defends under a resale tax deed issued to him in 1945, by the county treasurer of Tulsa county. The property was assessed in two separate tracts, adjacent to each other. The sale was evidenced by a deed descriptive of the entire tract. He maintains that the county treasurer's sale and his purchase of the land involved constitute a good and valid sale and grant to him. Defendant contends that the cemetery is not a public cemetery within con-

[1]"25. The Trustees may from time to time declare and pay to the shareholders dividends out of the net earnings . . . the amount of such dividend and the payment thereof shall be wholly in the discretion of the trustees."
"12. The trustees for their services as such shall be entitled to . . . compensation . . . but such compensation shall not exceed the sum of five thousand ($5,000.00) dollars each per year."

stitutional contemplation nor the public policy expressed by the statute, Title 8, O.S. 1941 §1 et seq. and therefore not exempt from taxation.

Plaintiffs sought relief against the resale tax deed because of the constitutional exemption provided for public cemeteries as well as upon other grounds, i.e.:

(1) Inclusion in the notice of sale of the last quarter of taxes for the current year prior to delinquency, Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229; and

(2) The assessment en masse of individually owned lots or parcels of land. Johnson v. High, 193 Okla. 105, 141 P. 2d 583; Davenport v. Doyle, 57 Okla. 341, 157 P. 110.

Plaintiffs made no tender of taxes, but request this court to dispose of the ultimate question whether the land constituting the cemetery is nontaxable as being a public cemetery and so within the exemption provided by law. Hart v. Thompson, 194 Okla. 675, 153 P. 2d 1003; Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573. If the land were not subject to taxation, no tender of taxes is required; but if the lands were taxable and the title is sought to be quieted as against a tax deed, whether the deed be ultimately declared valid or void, or whether it be voidable, an essential prerequisite to the action, required by statute, is a tender of taxes that may be found to have been due and delinquent. Cardiff v. Spradling, 192 Okla. 660, 140 P. 2d 920; Otto v. Jones, 195 Okla. 446, 158 P. 2d 899.

The ultimate issue presented, therefore, is whether the land, platted and dedicated as a cemetery, though owned by a trust organized and existing for pecuniary profit, is a public or private cemetery, and, as a consequence, whether the land is accordingly taxable.

Digression may be made here in the interest of those represented by interveners and to sustain the injunction granted.

In Fairlawn Cemetery Ass'n v. Street, 54 Okla. 136, 153 P. 637, the rule was stated that when lots of a cemetery are acquired by individuals and the dead buried therein, the individuals acquire a continuing right of possession not subject to the enforcement of taxes. There is a continuing right to exclusive possession acquired by interment in a cemetery lot, pursuant to deed or oral permission. Hughes v. Harden, 194 Okla. 307, 151 P. 2d 425.

Four individuals who were owners of lots in the cemetery intervened on behalf of all others similarly situated. Interveners pleaded, and the evidence tends to prove, that Jim Cherry attempted to exercise dominion and control over the property rights of interveners and those similarly situated, by threatening to obstruct access to the cemetery and enjoyment of the rights of sepulcher. It is asserted in the brief that Jim Cherry, on Memorial Day, proclaimed: I have bought the cemetery and all the dead niggers in it.

Whether the cemetery as a whole be public or private, therefore taxable and alienable, indubitably the streets, avenues, walkways, and parking of the cemetery, having been dedicated to the public by a plat recorded, constitute public grounds. These things are devoted to the public use; public grounds include all places set apart for the burial of the dead except such as are held by any person, company, or corporation with a view to pecuniary profit or for the purpose of speculation. Such were the provisions of Wilson's Statutes, 1903, Sec. 5914. Moreover, the Constitution, art. 10, sec. 3, not only specifically exempts from taxation public cemeteries, but likewise there is exempted "all property not herein specified . . . now exempt from taxation under the laws of the Territory of Oklahoma, . . . until otherwise provided by law".

There has been no departure by law from the exemption provided by Territorial statute. Hence, whether interment has or has not been made in some of these cemetery lots, privately owned, set apart for burial of the dead, and not held for pecuniary profit, Jim Cherry, claiming under a resale tax deed, has no valid claim. Likewise, as to streets, avenues and parkways of the cemetery, these clearly constitute public grounds. Jim Cherry's effort to exercise dominion and control over this part of the real property was an effort without right. Jim Cherry was properly enjoined.

The principal issue remains. It is whether the cemetery, other than as to public and platted passageways and as to private rights acquired, is subject to taxation.

Generally, a cemetery is a public place as much so as a courthouse or a market. Cemetery Ass'n v. Meninger, 14 Kan. 312. It may not be frequented as much, but visits to it are as necessary and certain. Words and Phrases, Perm. Ed., Vol. 6, p. 407. Under the general rule, a cemetery differs from a single grave and from a burying ground. Bennet v. Washington Cemetery, 62 N.Y. Supp. 87. Yet a cemetery may be private in character.

A cemetery used by a community or church is a public cemetery. City of Wichita v. Schwertner (Kan.) 286 P. 266. And generally, cemeteries without distinction as to their being public or private are exempt from taxation. Not so, however, in Oklahoma. R. C. L. vol. 26, p. 325, sec. 284, cites one reason why cemeteries in general are exempt from taxation, and that is said to be the difficulty of collecting a tax thereon as it is obviously improper to sell the bodies of the dead and their graves to pay the expenses of government for the living. No such impropriety occurs and no difficulty is encountered under the law as it exists in Oklahoma. There is an exception existing within this jurisdiction.

This is apparent where, as by the terms of statute quoted, consideration is given to the exception to the exemption based on pecuniary profits ex-

pected to be derived by individuals or trusts for land or lots held for the purpose of speculation or pecuniary gain. Decisions permit individuals and trusts to operate cemeteries without regulation or control of statutory restrictions imposed upon corporately owned cemeteries. Claus v. Harden, 185 Okla. 417, 93 P. 2d 531; New York Casualty Co. v. Day, 185 Okla. 581, 95 P. 2d 95. Corporately owned cemeteries, under the public policy, are required to be non-profitable to members or stockholders of the corporation. Fairlawn v. Street, 54 Okla. 136, 153 P. 637. But in view of the exception as to private persons or trusts in their ownership of cemeteries, taxation is the rule, and exemption from taxes the exception.

A fortiori, where consideration is given to the statute, Title 68 O.S. 1941 §15.1, providing "all property in this state, whether real or personal, except that which is specifically exempt by law, shall be subject to ad valorem taxation".

The general rule is stated in 11 C.J. 50; 14 C.J.S. 2; 51 Am. Jur. 612; 122 A.L.R. 901. In view of the annotation, it is evident that by law in Oklahoma the exemption extends not to cemeteries in general, but only to "places of burial" and to **public** cemeteries. The law does not extend an unqualified exemption of cemeteries such as includes undeveloped and unsold portions of the cemetery separate and apart from lots privately owned for interment or in which interment has been made or as to the dedicated passageways and parks. National Cemetery Ass'n v. Benson (Mo.) 129 S.W. 2d 842, 122 A.L.R. 893.

In the Claus-Harden case, supra, it was said "Rose Hill Burial Park is no more than a private cemetery owned by the defendant, as an individual"; and in Landree v. City of Mangum, 196 Okla. 281, 164 P. 2d 630, where land, privately owned, constituting a cemetery, was platted, dedicated to the purpose, and used as a cemetery, but sought to be, and was, condemned under the power of eminent domain and acquired by a municipality, this court held:

"An individual's use of his own land for cemetery purposes is not a public use."

Consequently, the individual's or the trust-owned interest in the land, profitable, is subject to taxation. This court, in the Mangum case, supra, nicely distinguished between the public and private use of land and held the individual's land, though platted and dedicated to the cemetery purpose, nevertheless in that part remaining unsold, there was a private profitable use which was alienable; perforce it must be taxable. Denton v. Sapulpa, 78 Okla. 178, 189 P. 532, 9 A.L.R. 1031. The same rights and liabilities are enjoyed and suffered by the trust's ownership, New York Casualty Co. v. Day, supra.

Adjudging therefore taxability of the interest in the land owned by Crown Hill Cemetery Trust and its alienability, a tax deed, not otherwise invalid, would serve to grant a virgin title to a purchaser at resale, irrespective of whether a profit by the trust was in fact derived.

There is presented herewith an issue other than the taxability of appellee's interest in the land, and that is the matter of tender of taxes as a condition precedent to commencement of the action wherein the tax deed was sought to be avoided.

By statute, a resale tax deed is prima facie evidence of all essentials prerequisite affecting the power to sell at resale property for delinquent taxes. Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; Strickland v. Patton, 196 Okla. 188, 163 P. 2d 525; Morgan v. Whitehead, 196 Okla. 402, 165 P. 2d 338.

Title 68 O.S. 1941 §453 specifies, among other things, that in an action to defeat the deed, recover the land, or resist recovery of possession by the holder of the deed "tender in open court for the use of the holder of the tax deed, of all taxes, penalties, interest

40

and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale," and the statute provides that upon failure so to do, his action or defense shall be dismissed.

Title 68 O.S. 1941 §455, in part, reads: "No action shall be commenced by the former owner or owners of land . . . to avoid such deed . . . and in case of action to avoid the deed . . . all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing the action". The statute, by its terms, applies to "land which has been sold and conveyed by deed for nonpayment of taxes".

In Parks v. Lyons, supra, the terms of the statute last above quoted were liberally construed to carry out the manifest intention that one under duty of paying taxes should not be permitted to litigate the validity of the tax sale until he had offered to reimburse the purchaser. Such a tender, not waived, is required. Courtney v. Worley, 181 Okla. 399, 74 P. 2d 370; McGrath v. Eichoff, 187 Okla. 64, 100 P. 2d 880; Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607.

However, provisions of the statute dealing with limitations, while applicable to resale tax deeds lawfully issued, are without application to the holder of a resale tax deed issued by one without authority to sell the land at resale or to issue such a deed. McDonald v. Hodge, 188 Okla. 319, 108 P. 2d 538.

In Hutchison v. Brown, 66 Okla. 250, 167 P. 624, involving a tax deed to lands of a Creek freedman, assessed in separate tracts and including the homestead of the allottee, which was nontaxable under the laws and treaties of the United States, together with other lands subject to taxes, we held, insofar as the exemption existed, it rendered nonexistent the power to tax such land and "all proceedings of the taxing powers having as their effect a violation of the exemption, are without jurisdiction and void and a tax deed based upon such proceedings is void". In such cases a suitor is required to make no tender.

The effect of the principle being that tax proceedings, inclusive of such deeds, are a nullity, the deed came into existence with its validity impaired and without vitality to sustain it.

The statute, supra, section 455, prohibiting commencement of such an action by such a person as plaintiff, is not restricted to the holder of the deed who is not an aggressor in the particular that the suit was not commenced by him. Ordinarily, a person has right to deny and defend in an action brought against him and as justice is not sold, no tender or payment is required to deny or defend.

But the power to sell requires a valid assessment against lands liable for taxes. Where lands or lots are assessed en masse, some of which are exempt and some of which are taxable, the assessments or a deed embracing that which is free or valid and that which is subject or void cannot endure.

The deed here involved, while valid on its face, is invalid by reason of the record and proceedings.

But there is and has been for a long time a liability of the land for taxes and it may be re-assessed. Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002; Fuqua v. Watson, 172 Okla. 624, 46 P. 2d 486.

The land, owned by the trust, may be properly assessed as omitted property, and if taxes are not paid, the land may and should be sold.

Herein, the land, while assessed in separate tracts, was sold as a unit and a single resale tax deed was issued to Jim Cherry. Thus the consideration for the deed was not divisible and the conveying quality of the deed was vitiated by an inclusion of land separately assessed but joined in one conveyance. Perry v. Snyder, 75 Okla. 24, 181 P. 147.

But, see Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607 (overruling in the part relating to a substantial compliance with the statute relating to assessments and sale, Perry v. Snyder, supra; Callander v. Brickner, 97 Okla. 37, 222 P. 531; Hawkins v. Stewart, 167 Okla. 566, 31 P. 2d 126; Johnson v. High, 193 Okla. 105, 141 P. 2d 583).

Where land liable to a lien (the lien accrues on the date of assessment) is diminished, that remaining is liable for the lien and the debt represented thereby. Thompson, Real Property, §194; Buckout v. Swift et al., 27 Cal. 434; Harris v. Bannon, 78 Ky. 568; Goff v. O'Conner, 16 Ill. 421; State ex rel. Davis v. Goodnow, 80 Mo. 271; 68 O.S. 1941 §§15.16 and 15.51.

The provisions of the statute requiring each lot or parcel of land to be assessed for taxation are mandatory and where an assessment is valid as to each lot or parcel or tract and such lots are sold separately, a sale may be evidenced by one deed as to the dual sales. Otherwise, the deed is void. Emery v. Stansbury, 173 Okla. 478, 49 P. 2d 155. The assessment of the separate tracts of land may have been invalid by reason of the inclusion of exempt real property contained therein. Just when sales were made of the cemetery lots is not clear from the record. The deed was all inclusive and the judgment avoiding it in this particular case might be sustained.